**UNITED STATES of America**

v.

**Cyrus Chester RUSH.**

**Cr. No. 27648.**

United States District Court
E. D. Louisiana
March 4, 1963.

Francis E. Weller, Asst. U. S. Atty., Peter E. Duffy, Asst. U. S. Atty., New Orleans, La., for the United States.

Louis A. Heyd, Jr., New Orleans, La., for Cyrus C. Rush.

ELLIS, District Judge.

Petitioner was convicted by a jury on August 25, 1960 of violation of Section 4704(a) and 4705(b), Title 26 and Section 174, Title 21 and Section 371, Title 18 of the United States Code, to wit, conspiracy to sell heroin and selling heroin to a party without an order from the Secretary of the Treasury. The record indicates that although the Court ordered counsel appointed for petitioner, he ultimately was represented by counsel of his own choice. Petitioner did not seek a new trial nor did he appeal his conviction. He was sentenced to eleven years in a federal penitentiary on September 7, 1960. On January 17, 1961, petitioner moved to set aside the judgment and the motion was denied by the trial judge the same day.

Petitioner now seeks to be released under 28 U.S.C.A. § 2255. That statute provides that a prisoner in custody from a sentence from a federal court may, at any time, petition to have the sentencing court vacate the sentence on the grounds that sentence was imposed in violation of the Constitution and laws of the United States or that sentence was imposed in excess of the legal maximum or for lack of jurisdiction, or for some other collateral reason. A hearing on a Sec. 2255 motion must be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S. C.A. § 2255.

Petitioner makes three challenges to the validity of his sentence, none of which entitle him to a hearing or a vacation of sentence:

■ 1) Petitioner states that the government informers who testified at the trial had a prior criminal record and hence were incompetent witnesses. While the record might reflect on the government witnesses due to prior criminal records, a witness is not made incompetent to testify by reason of a prior record, F.R.Cr.P.Rule 26; Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406; Schoppel v. United States, 4 Cir., 270 F.2d 413; United States v. Margolis, 3 Cir., 138 F.2d 1002, and such record merely reflects on the witness' credibility. 3 Wharton, Criminal Evidence, Sec. 934. Petitioner concludes that because of alleged prior records, two of the government witnesses were disqualified and therefore their testimony was automatically perjured. Aside from the fact that credibility is a question for the jury, prior criminal conviction, even for perjury itself, does not confirm that the witness will lie. See United States v. Margolis, supra. Secondly, this is a matter which could have been raised on the first motion as well as during the trial and thus is within the sound discretion of the District Court to reject this grounds for vacation of sentence.

■ 2) Petitioner notes from the record that a co-defendant made a state-

ment protesting petitioner's innocence during the sentencing of the co-defendant after a guilty plea. Co-defendant Patsy Dolores Edgerson stated to the sentencing court, when asked if she had anything to say:

"Yes, Judge. I would like to make the statement that I am guilty on the statement that this man, that I said that Rush had nothing to do on those other counts with me."

The Court instructed defendant Edgerson that she should be more concerned about herself and less concerned about Rush and then proceeded with the sentencing. Whatever possible efficacy such an exculpatory statement might conceivably have had, such efficacy is completely neutralized by the fact that the record discloses that petitioner was given adequate opportunity to use Edgerson's testimony at his trial on August 25, 1960. The record reflects that the court issued a writ of "habeas corpus testificandum" on August 15, 1960 for Patsy Dolores Edgerson to the Federal Institution at Lexington, Kentucky. The Marshal's return on said writ reflects that Edgerson was transferred to New Orleans on August 24, 1960, the day before the trial, and returned to Lexington, Kentucky, on August 26, 1960, the day after the trial. Thus Edgerson was in New Orleans, available to testify for petitioner, on the day of his trial. The record reflects that she was not called by the petitioner. Obviously the proper place for exculpatory statements to be made is before the jury which tries the accused. Petitioner was given every opportunity, by the government, to use Edgerson if her testimony would have benefitted petitioner. Her presence in New Orleans under court order to testify, but her absence from the witness stand, suggests at least that her testimony would not have done petitioner any good. There is nothing on this count to warrant a hearing under Sec. 2255.

3) Lastly, petitioner claims that statements of government witnesses were not produced under the rule of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, and 18 U.S.C.A. § 3500. The record does not reflect that any such statements existed, nor was there any demand made for any statements by petitioner as required by the statute. 18 U.S.C.A. § 3500(b). The petitioner makes no suggestion whatever that failure to demand statements, if they existed, was due to incompetence of counsel, nor would any such suggestion have been of any avail. O'Malley v. United States, 7 Cir., 285 F.2d 733; United States v. Duhart, 2 Cir., 269 F.2d 113; Frand v. United States, 10 Cir., 301 F.2d 102. As Judge Friendly pointed out in United States v. Annunziato, 2 Cir., 293 F.2d 373, 382, there may be sound reasons for not exercising the Jencks rule. The failure to do so, particularly where there is nothing in the record to suggest that they even exist, does not prejudice petitioner nor give any grounds for vacation of sentence or granting of a new trial.

Considering the fact that petitioner made a prior unsuccessful motion before the trial judge to vacate the sentence and grant a new trial at which time these matters could have been presented and considering the fact that petitioner's contentions are wholly without legal merit and that the record rebuts any suggestion of validity to petitioner's claims, the Court must deny the motion to vacate the sentence and exercises its sound discretion to deny a hearing on the grounds that a hearing could add nothing to petitioner's claims, and the petition, taken together with the record and files, conclusively shows that petitioner has no grounds for relief.

So ordered.