Anthony G. **SAVILLE**, Petitioner,
Appellant,

v.

**UNITED STATES of America,**
Respondent, Appellee.

No. 71–1209.

United States Court of Appeals,
First Circuit.

Dec. 6, 1971.

Stephen W. Silverman, Springfield, Mass., for appellant.

William A. Brown, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the denial without a hearing of appellant's motion under 28 U.S.C. § 2255 to vacate and set aside sentence. Appellant was convicted on December 5, 1967, on two counts of a three count indictment for passing counterfeit ten-dollar bills [1] and was sentenced to concurrent five year terms. This court affirmed the conviction on

---

1. In violation of 18 U.S.C. § 472. The third count was dismissed at trial.

one of the two counts.[2] Since his conviction appellant has brought three § 2255 petitions.[3] Each was denied without a hearing, but appellant has appealed the denial of only the third one.

The facts of appellant's conviction are set forth in our prior opinion, 400 F.2d 397, and need not be detailed here. In short, he was convicted for passing two counterfeit ten-dollar bills at the J. M. Fields store in Natick, Massachusetts. The keystone of his present motion, and indeed of his two prior motions, is the affidavit of one Joseph Stefanski, dated January 16, 1968. In this affidavit Stefanski avers that it was he, not appellant, who passed the bills at J. M. Fields, and that he subsequently pleaded guilty to federal and state charges of passing and possession on March 27, 1967, and June 13, 1967, respectively. There is no indication in Stefanski's affidavit that any of these criminal charges related to the specific bills for which appellant was prosecuted, although appellant alleges that such was the case. Appellant has asserted in all of his § 2255 motions that the Stefanski affidavit exonerates him. In the instant petition he also alleges the prosecution's knowing use of perjured testimony in that the same testimony was used against both him and Stefanski. Further, he alleges the ineffective assistance of counsel for not exposing the perjury or establishing appellant's innocence.

■■ The district court denied appellant's instant motion without a hearing primarily because under 28 U.S.C. § 2255 the "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." We note initially that while the two prior petitions did incorporate the Stefanski affidavit, this is the first time appellant has asserted these specific claims of perjury and ineffective assistance of counsel.[4] Furthermore, a prior refusal to discharge a prisoner on a like application can be given controlling weight only if it was an adjudication on the merits of the ground presented. Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).[5] Absent a hearing, this means that the issues raised were conclusively refuted by the files and records of the case. Id.[6] The prior petitions alleged somewhat different grounds for relief from those asserted here, and only the first one was denied because of conclusive refutation by the record. Therefore, the district court erred in relying on the prior denials in its refusal to grant a hearing on petitioner's third motion. Consequently, we must determine if other

2. Saville v. United States, 400 F.2d 397 (1st Cir. 1968), cert. denied, 395 U.S. 980, 89 S.Ct. 2137, 23 L.Ed.2d 768 (1969).

3. The first petition, filed on February 4, 1970, was denied on April 13, 1970. The second petition, filed on May 18, 1970, was denied on June 29, 1970. The instant petition, filed on November 3, 1970, was dismissed on May 5, 1971.

4. The first motion claimed prejudicial remarks by the prosecution, prejudice by use of police pictures, insufficient evidence to support a conviction, and inadequate counsel (for failure to object to certain evidence). This motion was denied on the ground that the records and files conclusively showed appellant was entitled to no relief.

The second motion concentrated on the Stefanski affidavit and alleged that police and FBI reports established that only one man passed the bills in question. Appellant also contended in this motion that

his counsel refused to call Stefanski as a witness, but see *infra*, note 8. This motion was denied because no ground of relief was alleged which could not have been raised on appeal from the conviction.

We do not reach the correctness of either of these decisions because they are not on appeal.

5. See also Tucker v. United States, 427 F.2d 615, 617 (D.C.Cir.1970); Wallace v. United States, 174 F.2d 112 (8th Cir.), cert. denied, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749 (1949).

6. 28 U.S.C. § 2255 provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

reasons render a hearing on the instant motion unnecessary.

■ The Stefanski affidavit written after trial by one who did not testify therein is the "weakest sort of evidence." Dirring v. United States, 353 F.2d 519 (1st Cir. 1965). Stefanski was available to testify at appellant's trial,[7] and defense counsel indicated his intent to call him. Appellant, however, overruled his counsel, so stating in open court.[8] There is no indication that appellant was unaware at trial of the substance of any of the statements made by Stefanski in his affidavit. Appellant withheld information at his trial and is now seeking to use that information to collaterally attack his conviction, a tactic expressly condemned by this court in Green v. United States, 256 F.2d 483 (1st Cir.), cert. denied, 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958).[9]

> "[Appellant] cannot have it both ways. He cannot withhold the evidence, gam-

bling on an acquittal without it, and then later, after the gamble fails, present such withheld evidence in a subsequent proceeding under 28 U.S.C. § 2255." *Id.* at 484.

■ The allegations of perjury and inadequate counsel, based on the Stefanski affidavit, fall with it. Both were matters which, if true, were open to appellant to pursue at his trial. Moreover, there is nothing in the record or in the motion to lend any support to appellant's claim of perjury, let alone his claim of the prosecution's "knowing use" of perjured testimony. Green v. United States, 313 F.2d 6, 9 (1st Cir.), cert. dismissed, 372 U.S. 951, 83 S.Ct. 948, 9 L. Ed.2d 976 (1963). In regard to inadequacy of counsel, while we adhere to our view of the exacting standard of § 2255, Bender v. United States, 387 F.2d 628 (1st Cir. 1967), we note that here there are no allegations of extra-record misrepresentations and that the record re-

---

7. At the time of trial Stefanski was incarcerated in Danbury, Connecticut, and the trial judge had allowed a motion to produce him.

8. "MR. KATZ. [defense counsel] If your Honor please, I have conferred with Mr. Saville during the recess and I should like the record to show this is in his presence and he is in the courtroom here and that I have left the matter of the decision as to whether the witness, presently in Danbury, should be brought here entirely to Mr. Saville. I have given him my thinking pro and con, and my judgment, but I have made it clear to Mr. Saville in view of our relationship in this case, I am leaving the decision to him and will do in this respect that which he desires.

"He has made his own independent decision and as the result, he will not ask me to have the witness brought here. He understands that you have allowed the motion to produce the witness that he wanted from Danbury, and that man will be brought here, if he wants him. He has made his independent determination that he will not require the presence of that witness to testify in his behalf. Therefore I am withdrawing my motion for the production of the witness in question.

"THE COURT. I think that the defendant himself should be on the record on that.

"MR. KATZ. I would appreciate that, your Honor.

"THE COURT. Will you advise him that I would like to know whether or not he understands what the proceeding is, and what is his decision?

"MR. KATZ. Mr. Saville, will you stand up? Did you hear what I just said to the Court?

"THE DEFENDANT. Yes, sir.

"MR. KATZ. And did you understand everything I said?

"THE DEFENDANT. Yes, sir.

"THE COURT. And do you understand that if you desire to have Mr. Stefanski brought here from Danbury, that the Court has ruled that he will be brought here?

"THE WITNESS. Yes, I understand that.

"MR. KATZ. And you are making your own decision that you do not desire or request his production in this case?

"THE DEFENDANT. That's right."

9. *Accord* Evans v. United States, 408 F.2d 369 (7th Cir. 1969); United States v. Gironda, 283 F.2d 911 (2d Cir. 1960), cert. denied, 365 U.S. 852, 81 S.Ct. 816, 5 L.Ed.2d 816 (1961); United States v. Rush, 215 F.Supp. 882 (E.D.La.1963).

veals counsel vigorously and competently pursued all avenues of defense.

Appellant's motion was properly denied, and no hearing was necessary.

Affirmed.