UNITED STATES of America,
Appellee,

v.

John Ellis LAWSON, Jr., Appellant.

No. 75–1435.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 8, 1975.

Decided Sept. 18, 1975.

John Ellis Lawson, Jr., pro se.

Donald J. Stohr, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of appellant's § 2255 motion to vacate his sentence and conviction for violation of 21 U.S.C. § 841(a)(1970).

 Appellant's principal argument on appeal is that Frederick J. Dana, a Special Attorney for the United States who participated in the grand jury proceedings leading to appellant's indictment, was not "specially appointed" and "specifically directed" by the Attorney General, as required by 28 U.S.C. § 515(a) (1970).[1]

Appellant's letter of authorization, signed by then Attorney General Richard Kleindienst, demonstrates that he was specially appointed. And we have held, in *United States v. Wrigley*, 520 F.2d 362 (8th Cir., 1975), that a special attorney acting pursuant to a letter of authorization substantially similar to that present here was in fact "specifically directed." Appellant's principal argument is thus without merit.

---

1. Whether this issue is even cognizable on collateral attack is doubtful, because defects in a grand jury proceeding or the form of an indictment may usually be challenged only on direct appeal. *See Houser v. United States,* 508 F.2d 509 (8th Cir. 1974). Objections to the form of indictment are waived if not presented before trial. *United States v. Calvert,* 523 F.2d 895 (8th Cir., 1975); Fed.R.Crim.P. 12(b)(2).

We assume for argument only that the issues presented are cognizable.

Appellant also claims that the special attorney was unauthorized because his oath of office was witnessed by a deputy clerk of a United States district court, who had no special commission from Congress or the Attorney General. However, deputy clerks of United States courts are authorized to administer oaths. 28 U.S.C. § 953 (1970). This point also is without merit.

Appellant has shown no error in the order of the district court denying his motion. The order is therefore affirmed.