**UNITED STATES of America, Plaintiff,**

v.

**Jose E. PANZARDI–ALVAREZ, a/k/a "Polo"; Gloria Nieves-Baez; Hector Arnaldo Reyes Andujar; Nestor Manuel Cancel Hernandez; Angel Alberto Rosario Hernandez, a/k/a "Galo"; Jose Del Valle Soledad; Arnaldo Hernandez Hernandez, Defendants.**

**Crim. No. 85–493 (JAF).**

United States District Court,
D. Puerto Rico.

Feb. 10, 1986.

H. Manuel Hernández, Asst. U.S. Atty., San Juan, P.R., for plaintiff.

Joseph Laws, David W. Román, Asst. Federal Public Defenders, Peter John Porrata, Fernando J. Carlo Gorbea, Wilfredo Figueroa Vélez, Efraín Irizarry Colón, Joaquín Monserrate, Edwin Quiñones, José A. Fuentes Agostini, Carlos R. Noriega, San Juan, P.R., for defendants.

ORDER

FUSTE, District Judge.

Attorney Charles G. White, member of the Bar of the State of Florida, has filed a second petition requesting that he be admitted to practice *pro hac vice.* His second motion of January 21, 1986, requests that the discretion of the court be exercised for the benefit of defendant José E. Panzardi-Alvarez. Mr. White makes reference to our expanded order and opinion of December 9, 1985 in this case, 623 F.Supp. 108 (D.P.R.1985). On said occasion, we denied a similar request. The grounds in support of the second petition, which is the one treated here, are twofold: (a) it is claimed that the motion requesting admission *pro hac vice* as filed on January 21, 1986, conforms with the requirements of Rule 204.2 of the Rules of the United States District Court for the District of Puerto Rico, and (b) that even though the court denied the first petition, said denial occurred in 1985 and not in 1986. The argument made is that 1985 and 1986 are two different calendar years and that even though the 1985 ruling may have been proper, it did not bar a 1986 renewed application.

We have examined our expanded opinion and order. There we stated:

Rule 204.2 recognizes in this jurisdiction the privilege of a non-resident attorney to request permission to appear *pro hac vice* subject to procedural requirements. One of these requirements and the one in question here is that the attor-

ney who requests such appearance, is limited to only one in the applicable calendar year."

Our choice of words on that occasion was misunderstood. The local rule is written in terms of "case per year". As a matter of fact, the last paragraph of Rule 204.2 reads as follows: "Appearances allowed pursuant to this rule shall be limited to one case per year." It is illogical for counsel to argue that if the court had valid reasons to deny the initial petition for admission in late 1985, those reasons would be rendered invalid in early 1986. The one-year requirement is simply a guideline. The logical way to compute the period, as a guideline, would be to compute the year as requiring the lapse of twelve months between one appearance and the other. This is what the court meant by calendar year, that is, that twelve months had to elapse.

There is no question about the fact that the court has discretion in these matters. As we have stated, Rule 204.2 serves as a guideline. At this time we are not prepared to exercise our discretion to favor the request for admission *pro hac vice* of Mr. Charles G. White. Mr. White was admitted in August of 1985 to appear in a criminal proceeding relating to defendant José E. Panzardi-Alvarez, to wit: the case of *United States of America v. Santiago Panzardi-Lespier, et al.*, Criminal No. 85–117. In addition, Mr. White attempted to seek admission in another proceeding involving Mr. Panzardi, to wit: the case of *United States of America v. José E. Panzardi-Alvarez*, Criminal No. 85–116. On said occasion, his request for admission was denied by another judge of this court on the basis of the local rule.

The examination of this record does not show any compelling reason of why Mr. White should be admitted to practice in the present case, even assuming that the court would be willing to waive the twelve-month or one-year requirement. Defendant José E. Panzardi-Alvarez has retained competent local counsel, Peter John Porrata, Esq. In addition to the above, the court understands that because of the factual scenario developed in the hearing held on February 7, 1986 on the subject of the legal representation of co-defendant Gloria Nieves-Báez, there exist grounds relating to ethical considerations which operate against the admission of attorney Charles G. White for the purposes of this case. The Court will not expand on this matter, inasmuch as we have sealed motions and proceedings regarding said incident. The sealed record reflects, for the purposes of an eventual review, that Mr. White has knowledge of the reasons which have motivated our decision.

The motion for admission *pro hac vice* is hereby DENIED.

IT IS SO ORDERED.