William Albert **BARANOW**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Crim. No. 86–00011–01–P.**

United States District Court,
D. Maine.

Sept. 15, 1987.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., for U.S.

William Albert Baranow, pro se.

## MEMORANDUM OF DECISION AND ORDER DISMISSING PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

GENE CARTER, District Judge.

On June 6, 1986 a jury convicted Petitioner of armed bank robbery and conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 371, 2113(d), and 2. On July 22, 1986 Petitioner was sentenced to five years imprisonment on the conspiracy charge and ten years imprisonment on the substantive charge, to be served concurrently. The Court of Appeals for the First Circuit affirmed the conviction on January 8, 1987. Petitioner's motion for a reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure was denied by this Court (Gignoux, J.) on May 27, 1987.

This petition to vacate the conviction and sentence of Petitioner under 28 U.S.C. § 2255 was filed on July 31, 1987. The Government has submitted a response to Petitioner's motion and an expanded record is now before this Court. For the reasons stated herein, the petition will be denied.

Evidentiary hearings are required under section 2255 "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings. Where section 2255 motions are denied without hearing, it is well established that the court "must take the defendant's allegations as true except to the extent that they are contra-

dicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact." *Otero v. United States*, 494 F.2d 900, 902 (1st Cir.1974); *Porcaro v. United States*, 784 F.2d 38, 40 (1st Cir.1986). The record subject to review is an expanded one, including affidavits of the parties and the recollections of the trial judge. *Honneus v. United States*, 509 F.Supp. 1135, 1137 (D.Mass.1981).

Petitioner alleges nine grounds on which he seeks relief under section 2255. Having the expanded record before it, this Court rules that no evidentiary hearing is required because all of Petitioner's allegations are either facially inadequate, directly contradicted by the record, or conclusory in nature. The Court will consider each of the allegations in turn.

■ First, Petitioner alleges that his indictment was invalid on its face, and therefore that the trial court lacked jurisdiction. Petitioner supports this claim with two facts: that his indictment was signed only by the deputy foreman, and that it contained no indication that the required number of jury members concurred. This attack on the form of the indictment is not properly raised in a section 2255 proceeding. No cause has been shown why this was not raised before trial when counsel had all relevant information. *See* Rule 12(b)(2) and (f) of the Federal Rules of Criminal Procedure. Were this Court to reach the merits of Petitioner's claim, however, it would nevertheless find it to be without merit. Under Rule 6(c) of the Federal Rules of Criminal Procedure, the deputy foreman may act as foreman in the latter's absence. Therefore, the assistant foreman's signature on an indictment does not make it invalid. Further, Rule 6(c) states that a record of the number of grand jurors concurring in the indictment "shall not be made public except on order of the court." Rule 6(c) of the Federal Rules of Criminal Procedure. In accordance with this rule, a separate form was filed with the clerk of the court in Petitioner's case. Petitioner's allegation that the indictment

was facially invalid is, therefore, clearly contradicted by the record.

■ Second, Petitioner alleges that there was variance between the facts alleged in the indictment and the facts proved at trial. Petitioner fails to carry his burden of showing any particular instances of such variance, and instead offers conclusory statements as to the impropriety of the Government's conduct and the grand jury's allegedly biased proceedings. Upon its own investigation of the record, this Court finds no instances of variance in the proof such as would effect Petitioner's "substantial rights." *See United States v. Flaherty*, 668 F.2d 566, 582 (1st Cir.1981). The Petitioner had sufficiently specific information of the charges against him, and the trial judge was careful to protect against the danger of any "spill over" effect in evidence presented against Petitioner's coconspirators. *Id.* Petitioner's allegations of variance in proof effecting his "substantial rights" is, again, contradicted by the record.

■ Petitioner further alleges that the grand jury proceedings were "biased," and that the multiple counts confused the trial jury. Defects in grand jury proceedings or form of indictment may usually be challenged only on direct appeal. *United States v. Lawson*, 523 F.2d 15 (8th Cir. 1975). Even were this Court to reach the merits of these allegations, they would fail on the record. There is no evidence whatsoever of bias or jury confusion. The Petitioner's allegations are conclusory and find no factual support.

Third, Petitioner alleges three grounds, all of which attack the sufficiency of the evidence to support the jury's verdict. The record shows that the trial judge considered, and denied at the time of sentencing, motions for acquittal and for a new trial under Rules 29(c) and 33 of the Federal Rules of Criminal Procedure. Petitioner presents no circumstances which were not fully considered by the trial judge at the time of sentencing. In addition, the Petitioner bears a heavy burden of showing that "the evidence before the trier of fact and the legitimate inferences drawn there-

from, viewed in the light most favorable to the government, were insufficient to demonstrate beyond a reasonable doubt that defendants were guilty." *United States v. Smith,* 726 F.2d 852, 866 (1st Cir.1984) (*en banc*). This Court is satisfied, after investigation of the record, that ample evidence existed to prove both the conspiracy charge and substantive charge in this case. The Petitioner's three allegations of insufficient evidence are clearly refuted by the record.

■ Fourth, the Petitioner has alleged that the Government failed to disclose evidence favorable to the defense. Specifically, Petitioner alleges that the Government failed to notify the defense of the existence of John Frank, a witness who Petitioner claims would have "exculpated" him of the crime. After reviewing the expanded record of the case, including the affidavit and report of the special agent in charge of the FBI's investigation, this Court is satisfied that the existence of the witness John Frank became known to both parties during the cross-examination of the Government's witness at trial. The Government could not have failed to disclose what it was not aware of, and in any case, the record shows that the expected testimony of Mr. Frank was not "exculpatory" as Petitioner alleges. The Government has submitted the affidavit of the special agent for the Federal Bureau of Investigation who was responsible for the investigation of the armed robbery. The affidavit states clearly that the Government was without knowledge of the existence of witness John Frank until his name was mentioned during cross-examination of the Government's witness on June 3, 1986. After his name became known to the Government, Mr. Frank was contacted by the Government and interviewed over the telephone. The agent's recollections of the conversation were memorialized in an FD–302 statement, which has been included in the expanded record before the Court. This Court finds nothing "exculpatory" in the expected testimony of Mr. Frank. Further,

the defense was made aware of Mr. Frank'sidentity at the same time as the Government and could have sought out his testimony at that time. The Petitioner's allegation is, therefore, directly refuted by the expanded record.

Fifth, Petitioner alleges that testimony elicited by a codefendant's counsel prejudiced the jury. Specifically, two references to Petitioner's having been incarcerated were brought out on the cross-examination of the Government's chief witness. These statements were not objected to at the time, and this ground is presented for the first time before this Court.

■ Normally, claimed errors in evidentiary rulings are not cognizable under section 2255. *Houser v. United States,* 508 F.2d 509, 515 (8th Cir.1974), but here Petitioner did not object at trial and therefore did not preserve the evidentiary issue for appeal. *United States v. DeLutis,* 722 F.2d 902, 909 (1st Cir.1983). Such a claim, if cognizable under section 2255, is so only if the allegation, if proved, would constitute a denial or infringement of a constitutional right or if it would result in a defect seriously affecting the fundamental fairness of the trial. After a close review of the trial record, and observing the appellate review standard recently stated by the First Circuit in *United States v. Cresta,* 825 F.2d 538, 549–50 (1st Cir.1987),[1] this Court finds no support for Petitioner's claim of prejudicial error affecting the fundamental fairness of his trial. The two brief references to incarceration were elicited by codefendant's counsel. The references were isolated in the context of the trial, were not objected to by counsel, and were not elicited by the Government. No curative instruction, if needed, could have been given because no objection was made. There was ample evidence for the jury to find Petitioner guilty of the crimes charged. The Petitioner's allegation, therefore, necessarily fails on the record on its merits.

1. The Circuit Court, in analyzing the effect of a prison reference elicited by the prosecution, examined the context of the improper remark, whether it was deliberate or accidental, the effect of a currative instruction, and the strength of the evidence against the defendants. *United States v. Cresta,* 825 F.2d 538, 549–50 (1st Cir. 1987).

Sixth, Petitioner alleges that the jury verdict was inconsistent with the judge's instructions and stipulations made at trial. Such an issue generally is not cognizable on collateral attack unless the error is of constitutional magnitude. *Houser v. United States*, 508 F.2d at 517. There is no such claim here. In addition, the complaint of error arises from Petitioner's misunderstanding of the stipulation made at trial and the ramifications of "aiding and abetting" the commission of a crime. The stipulation at trial was that neither Petitioner nor his two codefendants were among the two men who actually entered the bank and robbed it. The Government's theory was that Defendants "aided and abetted" the commission of the armed robbery. The jury's verdict of guilty on the substantive offense of armed robbery was not inconsistent with the proof that Petitioner "aided and abetted" the robbery. Petitioner's allegation is, therefore, groundless.

Finally, Petitioner claims that he was denied the opportunity to read his presentence report. The trial record conclusively shows that Petitioner's counsel was asked if he had read the report, whether he had discussed it with Petitioner, and whether they had noted any errors or mistakes. Counsel took issue only with the Government's version of the offense. Petitioner's allegation is, again, directly contradicted by the record.

### ORDER

For the reasons discussed fully above, the Court ORDERS that Petitioner's section 2255 motion be, and it is hereby, DENIED in all respects.