William **BARANOW**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 88–0234–P.**

United States District Court,
D. Maine.

Dec. 30, 1988.

William A. Baranow, Petersburg, Va., pro se. for petitioner.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., for respondent.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Petitioner was convicted of armed bank robbery and conspiracy in June 1986; he was sentenced in July 1986. In July 1987, having pursued and been denied relief on appeal and under Rule 35, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. That motion was denied by order of this Court dated September 15, 1987, *Baranow v. United States,* 670 F.Supp. 1052, and the denial was affirmed on appeal on November 29, 1988. *Baranow v. United States,* No. 87–2119, (1st Cir.). Now before the Court is Petitioner's new motion under section 2255 for relief from the same conviction and sentence.

■ In Ground Two, Petitioner argues that he was denied a fair trial by "the concealment and exclusion of material evidence." Specifically, he asserts that he was prejudiced because the testimony of John Frank, an eyewitness to the events in question, was not presented at trial. Petitioner raised this same ground in his first section 2255 motion and the Court determined that the existence of Mr. Frank was not concealed and that "the record shows that the expected testimony of Mr. Frank was not 'exculpatory' as Petitioner alleges." *Baranow v. United States,* 670 F.Supp. 1052, 1055 (D.Me.1987). In *United States v. Sanders,* 373 U.S. 1, 16, 83 S.Ct. 1068, 1077–1078, 10 L.Ed.2d 148 (1962), the Supreme Court held that a successive motion for relief under section 2255 need not be heard if (1) the same ground was determined adversely to the petitioner in the prior motion; (2) the earlier determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the current application. In this case, it is clear that the same ground was determined adversely to Petitioner on the merits—that is, the allegation was directly refuted by the expanded record. *Id.* There has been no showing that the ends of justice require more on this issue.

Ground Three of the new petition asserts that Defendant was denied due process by the prosecutor's concealment of evidence that two of the victims picked out two suspects in a photographic lineup by the FBI. Again, the ground of concealment of evidence was determined before, on the merits, adversely to Petitioner. Petitioner here merely tries to support the ground with new factual allegations. These allegations do not create a new ground which must be heard by the Court. *Id.* Moreover, the record demonstrates plainly that the prosecutor revealed the results of the photographic lineup to defense counsel in a letter dated May 5, 1986. The ends of justice will not be served if the Court hears argument on this ground again.

■ Ground Four of the petition asserts that Petitioner was denied due process because the Government relied on the allegedly perjured testimony of Richard Bellino, the chief witness. Petitioner argues that concealment and exclusion of important material evidence, the perjured testimony of Richard Bellino, manifestly crippled the ability of defense counsel to expose the true motivation for the remarks of Richard Bellino, [and established that] the Baranow jury was unfairly deprived of the right to evaluate the credibility of Richard Bellino, in the full light of factual reasons for him to lie on [sic] defendant Baranow in order to gain favorable treatment, beyond that outlined in the written plea agreement, for himself.

The issue of Baranow's credibility and the fact that defendants were not allowed to pursue a line of questioning about an unprosecuted vehicular homicide about which Bellino allegedly lied have been fully litigated before. The Court's failure to allow such questioning was the subject of Petitioner's direct appeal of his conviction, which was denied on January 30, 1987. Collateral reconsideration of issues decided on direct appeal is permitted only where there has been a material change in the law. *Johnston v. United States*, 832 F.2d 1 n. 1 (1st Cir.1987). No change in the law has been argued here. The Court will not, therefore, address this issue again. Moreover, the Court notes that the issue of Bellino's lying was raised in Petitioner's motion for a judgment of acquittal and in his prior motion for relief under section 2255. Justice does not require that the Court consider this ground again.

Petitioner argues, however, that he has presented new evidence that Bellino committed perjury regarding the vehicular homicide, specifically that in September 1988, Bellino pled guilty to such a charge. In *United States v. Kraemer*, 810 F.2d 173 (8th Cir.1987), the court considered a similar section 2255 claim that new evidence showed that a primary witness had committed perjury and therefore relief from sentence was warranted. In evaluating the new evidence, the Court applied the same test used for determining whether a new trial motion will be granted on the basis of newly discovered evidence. This test includes, *inter alia*, requirements that "the evidence relied upon must not be merely cumulative or impeaching" and that "it must be of such a nature that, on a new trial, the newly discovered evidence would probably produce an acquittal." *Id.*

■ The evidence that Petitioner now puts forward is impeachment evidence. Moreover, the Court of Appeals, on direct appeal of Petitioner's conviction, found that the court had permitted defendants "to cross-examine [Bellino] at length regarding his general propensity for lying and his prior inconsistent statements concerning his own role in the bank robbery." The court subsequently characterized the cross-examination as both "extensive" and "successful." Since Bellino's credibility had been successfully attacked, the Court cannot find that new evidence further impugning his credibility would "probably produce an acquittal." Thus, even if Petitioner's arguments were to be addressed on the merits, he is not entitled to relief.

■ In Ground One Petitioner alleges a denial of the effective assistance of counsel. First, he asserts that counsel failed to conduct an adequate investigation to disclose the existence of eyewitness John Frank. As the Court stated in its previous opinion, even the Government did not know of the existence of Frank until the time of trial. Defendant's failure to turn up Frank, in the circumstances, does not fall outside the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). More importantly, however, Petitioner cannot show he was prejudiced by the absence of Frank's testimony, since, as the Court previously found, *see Baranow*, 670 F.Supp. at 1055, that testimony would not have been exculpatory. *See Strickland*, 466 U.S. at 691, 694, 104 S.Ct. at 2068.

■ Petitioner also argues in his rebuttal that his counsel failed to interview Petitioner's doctor who allegedly would have testified of his serious medical disabilities

at the time of the robbery. Petitioner has not asserted how this testimony might have assisted him, and the Court cannot find that if it were presented there is a reasonable probability that the result of the proceeding would have been different. If the physician were, for example, to testify that disabilities prevented Baranow from driving, it would have undermined his own witnesses' testimony that he acted as a driver for them on a daily basis. To the extent that testimony concerning disabilities was supposed to elicit sympathy for Petitioner, the absence of such testimony would obviously occasion no legal prejudice to Petitioner.

■ Petitioner also complains of counsel's failure to cross-examine the bank tellers. The descriptions of the driver provided by the tellers were vague and none of these witnesses in any way implicated Petitioner in the robbery. Cross-examination on the identification issue would have been a risky strategy at best. Although one of the tellers, Debbie Guillory, did pick a photo of someone other than Petitioner from the photo lineup "as number 2," Petitioner's Exhibit 11, it is unclear what "number two" refers to. There is no indication that "number two" refers to the driver of the car. From Ms. Guillory's very vague trial testimony about the driver's description ("he had sunglasses on and stuff covering his eyes and stuff"), Tr. 15, and the fact that her testimony about the robbers inside the bank referred to the first one and the second one, it is highly unlikely that the identification she made referred to the driver. Moreover, even if Guillory's identification did pertain to the driver, failure to make this point would not have altered the result of the trial. The jury had before it the testimony of eyewitness Nadeau which described the driver of the car in detail as different in most respects from Petitioner Baranow. There is not, therefore, a reasonable probability that but for the lack of cross-examination of the tellers, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. Also, the Court does not find that Petitioner was prejudiced by counsel's failure to tell him of the results of the

photo lineup. It was not an important development in the course of the prosecution. *Id.* at 688, 104 S.Ct. at 2064–2065.

■ Although Petitioner asserts that counsel should have cross-examined Richard Bellino and Guy Godbout of the Biddeford Police, such cross-examination would have added nothing to his defense. As discussed above, Bellino was subjected to very thorough and successful cross-examination. Anything further would have been cumulative. Godbout's testimony concerned the stolen car, and Petitioner has suggested no way in which cross-examination would have affected Godbout's description of his investigation. He did not testify about Petitioner. In neither situation can the Court see a reasonable probability that cross-examination by counsel would have produced a different trial result.

■ Petitioner also asserts that he was disserved by counsel's mention, in response to an inquiry of the Court, that Petitioner was in custody, and by counsel's failure to object to testimony that he had been incarcerated. In its decision on Petitioner's previous application and the decision on the appeal from that order, both this Court and the Court of Appeals for the First Circuit have specifically stated that the two brief testimonial references to Petitioner's incarceration "were not of sufficient prejudicial impact to render a fair trial impossible and to deny the appellant his constitutional due process rights under the Fifth Amendment." *United States v. Baranow*, No. 87–2119 (1st Cir. Nov. 29, 1988). Because of the strength of the evidence against Petitioner, *see id., Baranow v. United States* 670 F.Supp. at 1055, the Court is persuaded that there was not a reasonable probability that but for counsel's reference to the fact Petitioner was in custody, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. Since there was not significant prejudice from the other remarks concerning Petitioner's incarceration, counsel's failure to object to those remarks does not constitute denial of effective assistance.

**138**

Although Petitioner argues that defense counsel failed to perfect his appeal, that contention is belied by the application itself, which states in paragraph 12 that Petitioner was represented by court-appointed counsel Bruce Hochman on direct appeal. The record shows, too, that that appeal was decided. To perfect an appeal does not mean to win it. It merely means to complete it or to execute it. Although Petitioner alleges that counsel failed to obtain the transcript of opening and closing arguments, there is no suggestion of how this might have affected the outcome of his case. Moreover, many attorneys decide not to request such transcripts if, in their judgment, no bases for appeal can be found therein. Counsel here exercised his discretion as to what represented the best possible grounds for appeal. His decision does not fall outside the broad range of reasonable professional assistance.

In the final portion of Ground One, Petitioner argues once again that "the Baranow jury was unfairly deprived of the right to evaluate the credibility of Richard Bellino." As discussed previously, Petitioner may not reassert that argument in this proceeding. *See supra* at 136.

In an addendum to his motion, Petitioner alleges that the Government withheld two exculpatory laboratory tests dated May 29, 1985, and July 26, 1985. The record shows that the May 29, 1985, report concerning fingerprints was not exculpatory in that no identification of the fingerprints had been effected. The July 26, 1985, report stating that hair samples were not Petitioner's, and a June 26, 1985 report indicating that the earlier discovered fingerprints were not his either, were disclosed to counsel with a letter dated May 5, 1986. Therefore, Petitioner is not entitled to relief on this ground.

Accordingly, it is hereby ORDERED that Petitioner's motion be, and it is hereby, DENIED.