Jose E. PANZARDI–ALVAREZ,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 92–1273 (JAF).
Crim. No. 85–493.

United States District Court,
D. Puerto Rico.

April 10, 1992.

Petitioner, pro se.

Juan Pedrosa, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., San Juan, P.R., for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

Before the court is petitioner José E. Panzardi–Alvarez' third petition pursuant to 28 U.S.C. § 2255 seeking relief from the conviction and sentence imposed. The facts and procedural history of this case have been memorialized in a series of ap-

ingly, we rule on the merits and avoid the difficult jurisdictional issue raised by the govern-

ment.

pellate court opinions, *Panzardi–Alvarez v. United States*, 930 F.2d 907 (1st Cir. 1991) (unpublished opinion); *Panzardi–Alvarez v. United States*, 879 F.2d 975 (1st Cir.1989), *cert. denied*, 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990); *United States v. Panzardi–Alvarez*, 816 F.2d 813 (1st Cir.1987), as well as a number of published opinions of this court, *United States v. Panzardi–Alvarez*, 678 F.Supp. 353 (D.P.R.1988), *aff'd without opinion*, 873 F.2d 1433 (1st Cir.1989); *United States v. Panzardi–Alvarez*, 628 F.Supp. 667 (D.P.R.1986). The reader may refer to these opinions for a detailed description of the facts and prior proceedings.

In this petition, Panzardi–Alvarez raises three grounds for section 2255 relief. First, he alleges that his guilty plea was not made voluntarily and with understanding of the nature of the charges and the consequences of the plea. Second, he argues that immunized testimony which he has given as part of the plea agreement entered into with the government has been used to enhance his sentence, thus violating his fifth amendment privilege against self-incrimination. Finally, he claims that he was denied effective assistance of counsel throughout the proceedings. For the reasons stated below, we *deny* the motion and *dismiss* the section 2255 petition.

■ We first note that we dismiss Panzardi–Alvarez' section 2255 petition without an evidentiary hearing. The court must, therefore, find that, accepting petitioner's allegations as true, he is entitled to no relief; however, the court does not have to accept as true allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Michaud*, 925 F.2d 37, 39 (1st Cir.1991) (quoting *Dziurgot v. Luther*, 897 F.2d 1222, 1225 (1st Cir.1990) (per curiam)). "Even if a § 2255 motion is facially adequate, a hearing is not necessary before dismissal if the motion is 'conclusively refuted as to the alleged facts by the files and records of the case.'" *Myatt v. United States*, 875 F.2d 8, 11 (1st Cir. 1989) (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir.1974)); *Pérez–Calo v. United States*, 757 F.Supp. 1, 2 (D.P.R. 1991). Applying these standards, we find no need for a hearing to rule on petitioner's motion.

■ Two of the three grounds—the voluntariness of the plea and the ineffective assistance of counsel—were raised in petitioner's first section 2255 motion, were dismissed by this court, and the dismissals were affirmed by the United States Court of Appeals for the First Circuit. *Panzardi–Alvarez*, 930 F.2d 907; 879 F.2d at 981–83; 678 F.Supp. at 362–65. Therefore, to the extent that petitioner is raising the same grounds for relief as those raised in prior section 2255 motions, both 28 U.S.C. § 2255 [1] and Rule 9(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts ("section 2255

---

1. Section 2255 provides in its pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

*The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.*

28 U.S.C. § 2255 (emphasis added).

Rules")[2] allow the district court to dismiss the successive petition if,

> (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). *See also Saville v. United States,* 451 F.2d 649, 650–51 (1st Cir.1971); *Baranow v. United States,* 703 F.Supp. 134, 135 (D.Me. 1988), *aff'd without opinion,* 915 F.2d 1557 (1st Cir.1990); *United States v. Reyes,* 945 F.2d 862, 864 (5th Cir.1991); *Molina v. Rison,* 886 F.2d 1124, 1127–29 (9th Cir. 1989); *United States v. Leiby,* 820 F.2d 70, 72 (3rd Cir.1987). *Sanders* also provided guidance to lower courts in the determination of what constitutes a different "ground" for relief.

> By "ground," we mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different "ground" than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects.

373 U.S. at 16, 83 S.Ct. at 1077 (citations omitted); *Molina,* 886 F.2d at 1128. The Court went on to caution, however, that any doubts as to whether the grounds submitted in the subsequent petition are different or the same "should be resolved in favor of the applicant." *Id.* Applying

these standards, we dismiss these grounds pursuant to 28 U.S.C. § 2255 and Rule 9(b) of the section 2255 Rules.

Here, it is clear that the voluntariness of petitioner's plea and the claim of ineffective assistance of counsel were raised and decided in a prior petition. With respect to the voluntariness of the plea, this court found that both Panzardi–Alvarez' sworn testimony at the Rule 11 hearing and the plea agreement itself—where two of the three counts were dismissed in exchange for a plea of guilty to the third count— were the result of his attorney's negotiation, thus nullifying Panzardi–Alvarez' argument that he "had" to plead guilty because of ineffective counsel. 678 F.Supp. at 364–65. In affirming this court's decision, the First Circuit ruled that:

> [a] thorough inquiry under Federal Rule of Criminal Procedure 11(c)(1) was conducted by the district court before Panzardi's guilty plea was accepted. Panzardi, under oath, agreed to the government's version of his involvement in the murder of the government witness. He testified that he had fully discussed his case with Porrata and that he was satisfied with Porrata's representation.

879 F.2d at 982–83 (citation omitted). The appellate court also restated the law of the Circuit that it is the defendant himself who has the burden of making a specific showing that the testimony given during the Rule 11 hearing was not in fact accurate. *Id.* at 982. Petitioner again fails to make this showing.

Petitioner's ineffective assistance claim also received ample review both in this court and on appeal. This court found that attorney Porrata's performance did not fall "outside the range of professionally competent assistance," the first prong of a two-prong test necessary to find a sixth amendment violation. 678 F.Supp. at 363–64 (quoting *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80

---

**2.** Rule 9(b) of the section 2255 Rules provides:
   **Successive motions.** A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new or different grounds are alleged, the judge finds that the failure of the movant to assert those new grounds in a prior motion constituted an abuse of the procedure governed by these rules.

L.Ed.2d 674 (1984)). The First Circuit affirmed this finding. 879 F.2d at 983. The appellate court noted again that Porrata: filed numerous motions on Panzardi–Alvarez' behalf; negotiated the final plea agreement in which the government dropped two of the three charges pending against him; was well-prepared and vigorously argued petitioner's cause at the Rule 11 hearing. *Id.* Given such circumstances and Panzardi–Alvarez' own testimony at the Rule 11 hearing, the reviewing court could find "no valid reason" for reversing the trial court.

Petitioner bases both the involuntary plea and ineffective assistance of counsel claims on the fact that allegedly immunized testimony and information contained in the dismissed counts of the indictment have been used against Panzardi–Alvarez by the United States Parole Commission. To the extent that these allegations represent new "facts," and not new "grounds," *Sanders* counsels for their dismissal as successive claims. Also, given the postconviction review that has already occurred, as well as petitioner's failure to present sufficient facts to distinguish the present claims from those raised in the prior section 2255 petitions, we can find no basis for ruling that the ends of justice would be served by again reviewing these already-decided grounds.

■ As for the third ground,—the use of compelled testimony against Panzardi–Alvarez in violation of 18 U.S.C. § 6002 and the fifth amendment—we think that this claim also has been raised and previously decided, albeit under a different label, and, in any case, does not rise to the level of stating a violation sufficient to warrant section 2255 relief. The gravamen of this claim is that the testimony and other information which petitioner had given to the government in exchange for the plea of guilty found its way into the presentence investigation report ("PSI") and has been used by the Parole Commission to his detriment. He argues that this misuse of "privileged" information violates both his fifth amendment privilege against self-incrimination and a federal statute dealing with immunized testimony. *See* 18 U.S.C. § 6002. We disagree.

First of all, petitioner's challenges to the PSI were the subject of his second section 2255 motion. On May 23, 1990, this court issued an opinion and order and entered a judgment dismissing this second petition. (Criminal Docket Document Nos. 354, 355). We found that, at the Rule 11 hearing, petitioner had admitted the very "factual inaccuracies" found in the PSI and had agreed to plead guilty based on the government's version of the facts. On appeal, the First Circuit again affirmed this court's dismissal. 1991 U.S.App. Lexis 7103, *19. Therefore, to the extent that plaintiff clothes the same claim in the garment of a different legal theory, the claim should also be dismissed as successive.

■ Second, we think that 18 U.S.C. § 6002 is inapplicable to the facts before us. Section 6002 authorizes the government to grant use and derivative use immunity in the case where a defendant refuses to testify based on the fifth amendment privilege against self-incrimination. *United States v. McLaughlin*, 957 F.2d 12, 16 n. 4 (1st Cir.1992); *see also Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972). By granting immunity pursuant to this provision, the government may compel testimony over defendant's objection. *Id.*

Here, petitioner's cooperation in on-going criminal investigations is a result of the plea agreement entered into with the government. There is no evidence before us that an order pursuant to section 6002 has been issued compelling Panzardi–Alvarez' testimony in other proceedings;[3] nor is there a showing that petitioner's testimony is being used—or there is a threat of it

---

**3.** In petitioner's memorandum of law accompanying his section 2255 petition, he states at paragraph 4 that the plea agreement also "implied" that he would receive immunity from further prosecution and that the testimony "would not be used against him as long as he was truthful and complied with the terms of the plea agreement." Our own reading of the plea agreement does not support petitioner's "implied" grant of use and derivative use immunity. The plea agreement itself, and not section 6002, provided the basis both for petitioner's cooperation and the government's *quid pro quo* for this cooperation, which included the dismissal of the

being used—against him in any pending criminal case. As such, there would be no statutory or constitutional violation which need be redressed through resort to section 2255.

 Finally, we think that the substance of petitioner's present section 2255 petition is that the Parole Commission impermissibly used information contained in the PSI or discovered through testimony to enhance his parole guidelines. In essence, he is challenging the authority of the Parole Commission to determine his eligibility date for parole. To the extent that he is challenging the Parole Commission's application of its guidelines to his sentence, this court is without jurisdiction pursuant to 28 U.S.C. § 2255 to alter his sentence. *United States v. Addonizio*, 442 U.S. 178, 179, 99 S.Ct. 2235, 2237, 60 L.Ed.2d 805 (1979); *United States v. McBride*, 560 F.2d 7, 11 (1st Cir.1977); *United States v. Di Russo*, 548 F.2d 372 (1st Cir.1976).[4]

Petitioner's section 2255 motion is DENIED and the petition is DISMISSED.

IT IS SO ORDERED.

___

two additional counts in the indictment, the recommendation at sentencing, and the communication of the extent of petitioner's cooperation to the court and the Parole Commission. (Plea agreement ¶¶ 8–11).

**4.** We simply note here that in our earlier opinion and order, we urged the Parole Commission to take into account Panzardi–Alvarez' cooperation with the Department of Justice for pur-

poses of determining the date that he would be eligible for parole. 678 F.Supp. at 365. We renew that recommendation today and encourage the Parole Commission to carefully consider the government's representations with respect to petitioner's cooperation in ongoing criminal investigations in determining his parole eligibility date.