Charles O. ROSS, Petitioner-Appellant,

v.

Honorable Frank REDA, Judge, Franklin County Municipal Court, Respondent-Appellee.

No. 74–1771.

United States Court of Appeals, Sixth Circuit.

Feb. 13, 1975.

R. Raymond Twohig, Jr., Handelman & Twohig, Columbus, Ohio, William M. Kunstler, Center for Constitutional Rights, New York City, Campbell, Schwarzwalder & Sanford, Columbus, Ohio, for petitioner-appellant.

James Hughes, City Atty., Carl T. Wolfrom, Columbus, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and DeMASCIO, District Judge.*

PER CURIAM.

This is an appeal from an order denying the application of Charles O. Ross for a writ of habeas corpus. It is contended that refusal of the Ohio State trial court to admit out-of-state counsel

* Honorable Robert E. DeMascio, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

pro hac vice[1] to represent Ross at his trial in that court deprived Ross of his Sixth Amendment right to counsel. The out-of-state attorney had been licensed to practice in other jurisdictions, but was not licensed to practice in Ohio. Reference is made to the decisions of the Ohio Court of Appeals in State v. Ross, 36 Ohio App.2d 185, 304 N.E.2d 396 (1973), cert. denied, 415 U.S. 904, 94 S.Ct. 1397, 39 L.Ed.2d 461 (1974), for a statement of the facts of this case. We affirm the denial of the writ.

■ While the Sixth Amendment right "[i]n all criminal prosecutions" to the "assistance of counsel" implies a degree of freedom to be represented by counsel of defendant's choice, this guarantee does not grant the unconditional right to representation in a state court by a particular out-of-state attorney. To the contrary, in Thomas v. Cassidy, 249 F.2d 91, 92 (4th Cir. 1957), cert. denied, 355 U.S. 958, 78 S.Ct. 544, 2 L.Ed.2d 533 (1958), the Court said:

■t is well settled that permission to a nonresident attorney, who has not been admitted to practice in a court, to appear pro hac vice in a case there pending is not a right but a privilege, the granting of which is a matter of grace resting in the sound discretion of the presiding judge.

Moreover, the Sixth Amendment claim is modified significantly by the actual availability and presence of other competent counsel.

Before his trial in the State court the defendant Ross had retained three lawyers who were licensed to practice in Ohio. These Ohio attorneys were ready and available to represent the defendant. Ross chose to discharge his Ohio lawyers and to present his own case. At least one of these attorneys remained in the courtroom throughout the trial and was available to Ross for consultation at all stages of the proceeding.

■ The prerogative of a trial judge to exclude out-of-state counsel, like the right of a defendant to be represented by the counsel of his choice, is not an absolute right. In the present case the state trial court denied the application of the out-of-state attorney for admission pro hac vice on the ground that he affirmatively refused to limit his out-of-court statements about the case during its pendency. In his order the trial judge noted, among other reasons for denying the application, the following:

> [B]ut there is no question in the mind of this Court that the applicant's conduct was unprofessional and in violation of the Code of Professional Responsibility, particularly Canon 7, EC 7–36, DR 7–107(A)(B); Canon 8, DR 8–102(B); Canon 9 EC 9–1, 2, 6.

The Ohio Court of Appeals held that the refusal of the out-of-state counsel to limit his out-of-court statements about the case during its pendency constituted a potential violation of Canon 7 of the Ohio Canons of Ethics.

■ We view this justification as sufficient to warrant the legitimate exercise of the state's power to "require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar . . . ." Schware v. Board of Bar Examiners, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). The states necessarily maintain this power over the admission of attorneys as an "incident to their broader responsibility for keeping the administration of justice and the standards of professional conduct unsullied." Cohen v. Hurley, 366 U.S. 117, 123–24, 81 S.Ct. 954, 958, 6 L.Ed.2d 156 (1961); see State v. Kavanaugh, 52 N.J. 7, 243 A.2d 225, cert. denied, 393 U.S. 924, 89 S.Ct. 254, 21 L.Ed.2d 259 (1968).

■ The judge who denied the application for out-of-state representation subsequently disqualified himself. The appellant contends that he was denied a fair trial because the judge chosen as a replacement relied on the prior judge's

---

1. This term refers to the practice of admitting out-of-jurisdiction attorneys who associate with in-state counsel for a particular case. It means literally "for this turn; for this one particular occasion." Black's Law Dictionary 1363 (4th ed. 1968).

rulings, without making an independent investigation into their merits. Our examination of the record convinces us that the substituted judge did in fact review the prior rulings and upheld them only after he determined they were correct.

The decision of the District Court is affirmed. No costs are taxed.