UNITED STATES of America, Plaintiff,

v.

Jose E. PANZARDI–ALVAREZ, a/k/a "Polo"; Gloria Nieves-Baez; Hector Arnaldo Reyes Andujar; Nestor Manuel Cancel Hernandez; Angel Alberto Rosario Hernandez, a/k/a "Galo"; Jose Del Valle Soledad, Defendants.

Crim. No. 85–493 (JAF).

United States District Court,
D. Puerto Rico.

Dec. 6, 1985.

Peter John Porrata, Old San Juan, Puerto Rico, for defendant.

Lydia Lizarribar, Asst. U.S. Atty., San Juan, Puerto Rico, for the United States.

EXPANDED ORDER AND OPINION

FUSTE, District Judge.

The controversy before us deals with the constitutional validity of Rule 204.2 of the Local Rules of the United States District Court for the District of Puerto Rico. Attorney Charles G. White has been granted the privilege to appear *pro hac vice* in a criminal trial pending before this Court. Now, Mr. White requests a second grant of appearance as non-resident attorney to legally represent defendant José E. Panzardi-Alvarez, who stands accused of conspiracy to murder a witness involved in two criminal cases pending before this Court. Attorney White alleges that our local Rule 204.2, as it reads, is in contravention to the Sixth Amendment of the Constitution of the United States, as it denies defendant the services of his counsel of choice.

*Local Rules for the District of Puerto Rico*

Said Rule 204.2 was enacted under the duty of all Federal Courts to structure and control practice and procedure of participants before it as required by 28 U.S.C. §§ 2071 and 1654. Such enacting function is integral to the character of the judicial system itself. *Triplett v. Azordegan*, 421 F.Supp. 998, 1001 (D.C.Iowa 1976). It has been recognized that the right to control admission to practice before the Federal Courts in Puerto Rico is inherent in the United States District Court for the District of Puerto Rico. *In re Berkan*, 92 F.R.D. 382 (D.C.P.R.1981).

The power of the Court to regulate said appearances and procedures rests in broad discretion. We recognize that the discretion given is not absolute nor unqualified. It must have as frame of guidance the Constitution of the United States and the applicable Federal laws. *Sanders v. Russell*, 401 F.2d 241 (5th Cir.1968); *U.S. v. Dinitz*, 538 F.2d 1214 (5th Cir.1976).

Rule 204.2 recognizes in this jurisdiction the privilege of a non-resident attorney to request permission to appear *pro hac vice* subject to procedural requirements. One of these requirements, and the one in question here, is that the attorney who requests such appearance is limited to only one in the applicable calendar year.

Petitioner claims that said impediment is in violation of the defendant's right to elect counsel of his own choice, guaranteed under the Sixth Amendment. We now hold that such standpoint is not meritorious.

The cases cited by petitioner in support of his petition are highly distinguishable from the case at issue. In *Sanders, supra,* the case arose in the context of the 1960's

Civil Right's movement toward achieving racial equality and the court highly emphasized the fact that the state forum was reluctant to see these cases. The court stated:

> It is no overstatement that in Mississippi and the South generally negroes with civil rights' claims or defenses have often found securing representation difficult.

*Sanders v. Russell,* 401 F.2d at 247.

Under the particular circumstances of the *Sanders* case—the fact that they could not find legal representation in the local forum—the court held that "it is imperative that [the] local rule not be applied."

The other relevant case cited by petitioner is also based on the 1960's Civil Rights' movement and the adverse state forum of Mississippi. *Leften v. City of Hattiesburg, Mississippi,* 333 F.2d 280, 285 (5th Cir. 1964). Requiring that in order not to deprive defendants of counsel assistance, the court did not apply the local rules.[1]

The Sixth Amendment does grant a defendant the absolute right to be fairly and adequately represented by legal counsel in criminal proceedings against him. We recognize that this right is absolute. There are, however, some limits to the constitutional right to be heard through a counsel of one's choice that is not from the local forum. *U.S. v. Dinitz,* 538 F.2d 1214, 1219 (5th Cir.1976). Moreover, the practice of allowing an out-of-state lawyer the privilege of appearing upon motion *pro hac vice* has not been recognized as a right "granted either by statute or the constitution". *Leis v. Flynt,* 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979). In other words, what the Sixth Amendment guarantees is the right for effective assistance of counsel, *Ross v. Moffit,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *U.S. v. Dinitz,* 538 F.2d 1214; *Leis v. Flynt,* 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979), not a right of defendants to impose upon the court the admission under all circumstances of a non-resident attorney *pro hac vice.* This power rests within the discretion of the court. *Leis v. Flynt, supra.*

### Conclusion

The United States District Court of Puerto Rico has set clear standards and requirements under which a non-resident attorney may request the privilege of appearing *pro hac vice.* These are objective and non-arbitrary criteria that must be complied with. We recognize that under the circumstances of the present case, there are no facts which justify waiving the "once-in-a-year appearance" requirement. The "fact" that Charles G. White is a lawyer in good standing in Florida[2] does not carry with it the right to practice law anywhere else. *See In re Michael Rappapoint, Petitioner,* 558 F.2d 87 (2nd Cir.1977). We recognize defendant's right to counsel under the Sixth Amendment, and we do not intend to alter or interfere with such right, but on the other hand, the right to counsel cannot be manipulated so as to interfere with the fair administration of justice. *In re Michael Rappapoint, supra; In the Matter of Julian J. Roberts,* 682 F.2d 105 (3rd Cir.1982). As stated in *Ross v. Reda,* 510 F.2d 1172 (6th Cir.1975),

> This guarantee [Sixth Amendment] does not grant the unconditional right to representation in a state court by a particular out-of-state attorney.

Defendant Panzardi-Alvarez has available the presence of other competent counsel in this forum. He should seek their assistance.

This expanded order supports our Order of December 4, 1985 denying Mr. White's admission *pro hac vice.*

IT IS SO ORDERED.

---

**1.** This case dealt with a removal petition, which was denied by the District Court based on the fact that the lawyer who requested it was not a member of the Bar of the Southern District of Mississippi.

**2.** Fact that has not been proven to this Court, since his petition to appear *pro hac vice* lacked a certificate of good standing.