**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Jose E. PANZARDI ALVAREZ, a/k/a "Polo", Defendant, Appellant.**

**No. 86–1020.**

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1987.

Decided April 23, 1987.

Charles G. White, Miami, Fla., for defendant, appellant.

Lydia Lizarribar, Asst. U.S. Atty., Old San Juan, P.R., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief for plaintiff, appellee.

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

Defendant-appellant Jose Panzardi Alvarez was convicted of possession of heroin with intent to distribute, and distribution of heroin. On appeal, he advances four arguments for overturning his conviction. We focus solely on the issue of whether the trial court's application of Local Rule 204.2

* Of the Fifth Circuit, sitting by designation.

of the United States District Court for the District of Puerto Rico,[1] which permits outside counsel to handle only one case per year in Puerto Rico, unconstitutionally denied Panzardi his right to counsel of choice.

## BACKGROUND

On March 7, 1985, a confidential informant accompanied Drug Enforcement Administration (DEA) Agent Domingo Carrasquillo on a visit to Panzardi's home in Dorado, Puerto Rico. The informant carried a tape recorder which recorded the conversation that took place. Toward the end of the visit, Panzardi handed the informant an envelope which contained 2.2 grams of heroin powder. On April 14, 1985, Panzardi was arrested and charged with two violations of 21 U.S.C. § 841(a)(1) (1982), possession of heroin with intent to distribute and distribution. The case was docketed in the District Court of Puerto Rico as Case No. 85–116. As a result of a separate incident, the government also charged Panzardi with conspiracy to possess heroin with intent to distribute; that case was docketed as Case No. 85–117. Following his arrest in both cases, Panzardi retained Juan Lopez Palmer, an experienced local criminal attorney.

In the summer of 1985, Panzardi decided to retain Florida Attorney Charles G. White, who is not licensed to practice in Puerto Rico, to handle both cases when they came to trial. On August 20, 1985, nearly three months before trial in this case, White sought permission to serve as co-counsel in both cases. He filed a motion for permission to appear *pro hac vice*, acknowledging that Local Rule 204.2 limited outside counsel to only one *pro hac vice* appearance per year. The district court accepted White as attorney of record in the

conspiracy case (No. 85–117), but denied him permission to defend Panzardi in the instant case (No. 85–116).

On November 12, 1985, the first day of trial, Panzardi arrived in court with both White and Lopez Palmer. The district court refused to allow White to conduct the trial, sit at counsel table, or communicate with either Lopez Palmer or Panzardi during the trial. On November 15, the jury returned a guilty verdict on both counts against Panzardi. The district court sentenced Panzardi to consecutive terms of fifteen years for possession of heroin with intent to distribute, and five years for distribution of heroin.

On appeal, Panzardi urges: that he was unconstitutionally denied the right to counsel of his choice; that the trial court erred in admitting two tapes into evidence; that government witnesses improperly commented upon the reliability of the confidential informant; and that consecutive sentences should not have been imposed. Because we find the first issue to be dispositive of this appeal, we do not consider Panzardi's other contentions.

## ANALYSIS

The sixth amendment guarantees criminal defendants the right to counsel. More than fifty years ago, the Supreme Court in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), recognized that an essential component of that right is the accused's opportunity to obtain counsel of his own choice: "It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." 287 U.S. at 53, 53 S.Ct. at 58;

---

1. Local Rule 204.2 states:

   *Other Attorneys (Pro hac vice)*

   Any member in good standing of the Bar of any United States Court, or of the highest court of any state, territory or possession of the United States who has been retained to appear in this Court, and who is not a resident of Puerto Rico, or does not maintain an office in the Commonwealth of Puerto Rico for the practice of law, may be permitted to appear and participate in *a* particular case in association with a member of the Bar of this Court. Such applicant shall designate the member of the Bar of this Court, who must

   have an office for the practice of law at a place within the Commonwealth of Puerto Rico, and also in said application the address, telephone number and written consent of said designee. Furthermore, the applicant must state in the motion his/her experience in federal litigation and knowledge of the local rules of this Court. The Court, in writing or otherwise, may find the person meets the standards for practice in this Court.

   Appearances allowed pursuant to this rule shall be limited to one case per year. [Emphasis in original.]

accord *Chandler v. Fretag*, 348 U.S. 3, 9, 75 S.Ct. 1, 4, 99 L.Ed. 4 (1954); *Glasser v. United States*, 315 U.S. 60, 75, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942); *United States v. Diozzi*, 807 F.2d 10, 12 (1st Cir. 1986); *see also Morris v. Slappy*, 461 U.S. 1, 21–23, 103 S.Ct. 1610, 1621–22, 75 L.Ed.2d 610 (1983) (Brennan, J., concurring) (discussing cases that protect a defendant's right to choose his own counsel).

The denial of a defendant's right to choose his own counsel jeopardizes his sixth amendment guarantees because "a substantial risk [arises] that the basic trust between counsel and client, which is a cornerstone of the adversary system, would be undercut." *Wilson v. Mintzes*, 761 F.2d 275, 279 (6th Cir.1985); *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1036, 71 L.Ed.2d 318 (1982). The sixth amendment right to counsel requires courts to pay considerable deference to a criminal defendant's actual choice of counsel. *United States v. Diozzi*, 807 F.2d at 12; *United States v. O'Malley*, 786 F.2d 786, 789 (7th Cir.1986). Accordingly, a trial court's denial of a criminal defendant's request to retain out-of-state counsel implicates constitutional concerns.[2] While the government's interest in economy and efficiency may affect the scope of an indigent defendant's right to be represented by counsel of his choice, *see Morris v. Slappy*, 461 U.S. at 23 n. 5, 103 S.Ct. at 1622 n. 5, "it is clear that when an accused is financially able to retain an attorney, the choice of counsel to assist him rests ultimately in his hands and not in the hands of the State." *Wilson v. Mintzes*, 761 F.2d at 280. Panzardi never asked the District Court of Puerto Rico to appoint White as his counsel; he sought to retain White for both cases.

Notwithstanding the fundamental importance of an accused's right to counsel of his choice, the right is not absolute. A criminal defendant's exercise of this right cannot unduly hinder the fair, efficient and orderly administration of justice. *United States v. Diozzi*, 807 F.2d at 12; *United States v. Allen*, 789 F.2d 90, 92 n. 4 (1st Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986); *United States v. Koblitz*, 803 F.2d 1523, 1528–29 (11th Cir.1986); *Sampley v. Attorney General of North Carolina*, 786 F.2d 610 (4th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 3305, 92 L.Ed.2d 719 (1986). An accused's right to choose his own counsel cannot be manipulated to delay proceedings or hamper the prosecution. When a defendant attempts to substitute counsel at the eleventh hour or in mid-trial, he must show good cause such as a conflict of interest, a breakdown in communication or an irreconcilable dispute with his attorney. *United States v. Torres*, 793 F.2d 436, 440 (1st Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 287, 93 L.Ed.2d 261 (1986); *Wilson v. Mintzes*, 761 F.2d at 280–81; *United States v. Morris*, 714 F.2d 669, 672–73 (7th Cir.1983).

In the instant case, Panzardi sought to retain White nearly three months before the case went to trial. The district court's order denying White permission to appear *pro hac vice* does not suggest that his request would have interfered with the fair and orderly administration of the case. The sole reason the court gave for denying White's request was its belief in the necessity of adhering strictly to the one case per year limit of Local Rule 204.2. Thus, we must decide whether the literal application of this rule can be upheld when it results in the denial of a criminal defendant's sixth amendment right to counsel of his choice.

The United States contends that while the sixth amendment does grant a defendant the right to effective counsel, this guarantee does not provide him with an unconditional right to representation by a particular out-of-state attorney. We have indicated already that a criminal defendant's right to counsel of his choice is not absolute. Trial courts have "some discretion to

---

2. *Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979), cited by the government, does not hold to the contrary. In *Leis*, the Court specifically noted that it was not deciding whether a denial of a request to appear *pro hac vice* would violate a criminal defendant's sixth amendment rights. 439 U.S. at 442 n. 4, 99 S.Ct. at 701 n. 4.

limit the exercise of the right to counsel of choice when insistence upon it would disproportionately disadvantage the government or interfere with the ethical and orderly administration of justice...." *United States v. Diozzi*, 807 F.2d at 12. Courts which have upheld denials of a criminal defendant's choice of counsel, have done so only after assessing the propriety of the trial judge's exercise of discretion. *E.g., United States v. Mastroianni*, 749 F.2d 900, 913–14 (1st Cir.1984); *United States v. O'Malley*, 786 F.2d at 789–93; *Sampley v. Attorney General of North Carolina*, 786 F.2d at 613–16; *United States v. Dinitz*, 538 F.2d 1214 (5th Cir.1976), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977); *Ross v. Reda*, 510 F.2d 1172 (6th Cir.), *cert. denied*, 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124 (1975). *Dinitz* and *Reda*, both relied upon by the government, upheld district court refusals to permit an out-of-state attorney to appear *pro hac vice* because of counsel's failure to obey court orders and ethical guidelines. *United States v. Dinitz*, 538 F.2d at 1219–24; *Ross v. Reda*, 510 F.2d at 1173–74. Thus, the courts in *Dinitz* and *Reda* properly balanced the defendant's interest in retaining counsel of his choice against the public's interest in the prompt, fair and ethical administration of justice. The instant case, however, involves the rote application of a rule that leaves no room for the exercise of discretion.

In *United States v. Panzardi Alvarez*, 623 F.Supp. 108 (D.P.R.1985), another case involving the same defendant-appellant now before us,[3] the District Court of Puerto Rico upheld Local Rule 204.2 against a claim that it interfered with Panzardi's sixth amendment rights. As in the instant case, there was no indication that allowing Panzardi his choice of counsel would have inhibited the fair and prompt administration of justice. The court justified its application of the rule by pointing to its authority to regulate attorney conduct. 623 F.Supp. at 108.

We recognize that the District Court of Puerto Rico must be able to regulate the conduct of attorneys who practice before it. The sixth amendment, however, does not countenance the mechanistic application of a rule that permits a district court, without articulating any grounds, to deny a defendant his right to counsel of choice. Local rules of court designed to regulate attorney conduct cannot unduly handicap the constitutional right of an accused to counsel of his choice. *Lefton v. City of Hattiesburg*, 333 F.2d 280, 285–86 (5th Cir.1964). In *Sanders v. Russell*, 401 F.2d 241 (5th Cir.1968), civil rights plaintiffs were prohibited from retaining out-of-state counsel by the application of a one case per year rule in Mississippi. While no sixth amendment claim was at stake, the invocation of the rule did affect the plaintiffs' capacity to vindicate constitutional claims. The Fifth Circuit invalidated the rule, noting that "the assertion of the District Court's regulatory interest [over attorneys practicing before it] cannot justify a rule that limits the number of *pro hac vice* appearances, whether it be to one case a year or three cases a year." *Id.* at 245. The Fifth Circuit found it "difficult to see how the concern of the District Court in decorum, dignity, competency, good character or amenability to service and discipline is served by a numerical limitation." *Id.* at 246.

Like the Fifth Circuit, we cannot discern how a simple numerical limitation on the number of *pro hac vice* appearances per year advances the district court's legitimate interest in regulating the conduct of its attorneys. Our skepticism about the propriety of such a rule is heightened by the fact that its application can deprive a criminal defendant of his sixth amendment rights. The right to counsel of choice cannot be denied without a showing that the exercise of that right would interfere with the fair, orderly and expeditious administration of justice. The mere fact that a

---

3. In that case, Panzardi was charged with conspiracy to murder the confidential informant who assisted the DEA in the instant case. Panzardi pled guilty to the charge.

defendant seeks to retain an out-of-state attorney does not hinder the efficacious administration of justice. His choice of counsel must be respected unless it would unreasonably delay proceedings or burden the court with counsel who was incompetent or unwilling to abide by court rules and ethical guidelines. Accordingly, we hold that Local Rule 204.2 of the District Court of Puerto Rico is invalid as applied to criminal defendants seeking to retain outside counsel.[4] This ruling, however, shall not be applied retroactively.

■ We need not inquire as to whether Panzardi was prejudiced by the trial court's denial of his right to counsel of choice. "Obtaining reversal for violation of such a right does not require a showing of prejudice to the defense, since the right reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceedings." *Flanagan v. United States*, 465 U.S. 259, 267–68, 104 S.Ct. 1051, 1055–56, 79 L.Ed.2d 288 (1984); *accord United States v. Diozzi*, 807 F.2d at 16; *Wilson v. Mintzes*, 761 F.2d at 285–86. A defendant's choice of counsel cannot be reduced to a mere procedural formality whose deprivation may be allowed absent a showing of prejudice. The right to choose one's counsel is an end in itself; its deprivation cannot be harmless. *United States v. Diozzi*, 807 F.2d at 16.

*Vacated and remanded for a new trial.*

---

**4.** We intimate no opinion as to the application of Local Rule 204.2 in civil cases. Nor does our holding affect the rule's requirement that out-side counsel be affiliated with a member of the Puerto Rico Bar.