The STATE OF INDIANA, Plaintiff–Appellee,

v.

Richard HAWS, Defendant–Appellant.

Richard HAWS, Plaintiff–Appellant,

v.

The INDIVIDUAL JUSTICES OF THE INDIANA SUPREME COURT, in their official and administrative capacities; Jeffery Modisett, in his official capacity as the Indiana Attorney General; Vincent F. Grogg, in his official capacity as the Circuit Judge of the Fountain County, Indiana Circuit Court, Defendants–Appellees.

Nos. 97–2047, 97–2521.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1997.

Decided Dec. 10, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 26, 1998.

Wayne E. Uhl (argued), Office of the Attorney General, Indianapolis, IN, Mark S. Christoff, Office of the Fountain County Prosecutor, Covington, IN, for Plaintiff–Appellee State of Indiana.

John H. Bisbee (argued), Macomb, IL, for Defendant–Appellant Richard Haws.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, IN, John H. Bisbee (argued), Macomb, IL, for Plaintiff–Appellant Richard Haws.

Douglas E. Cressler, Indiana Supreme Court, Indianapolis, IN, for Defendant–Appellee Individual Justices of the Indiana Supreme Court.

Wayne E. Uhl (argued), Jeffrey A. Modisett, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees Jeffrey A. Modisett and Vincent F. Grogg.

Before CUMMINGS, MANION, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

These were bizarre cases in the district court, and they took a very bizarre turn shortly before we were set to hear oral arguments on appeal. One case is an appeal from an order remanding a state criminal prosecution to an Indiana court which followed Richard Haws' removal of the case to the United States District Court for the Southern District of Indiana; the other case is an appeal from the dismissal of a 42 U.S.C. § 1983 suit against the individual justices of the Indiana Supreme Court (and others) in which Haws sought a judgment declaring that he was deprived of counsel of his choice in the Indiana proceeding.

Haws is a 67–year–old man who says he has a heart condition. He is an agricultural chemical dealer doing business as Haws Chemical in Catlin, Illinois. It seems he was advised by the FBI that he might be indicted in federal court, the Central District of Illinois, for interstate trafficking in stolen agricultural chemicals. This warning prompted him to engage Attorney John Bisbee of Macomb, Illinois, to represent his interests. On September 23, 1996, the FBI advised Bisbee that it decided not to seek an indictment.

Haws' troubles were not over, however, because on that same day, Indiana agents, accompanied by Illinois State Police agents, arrested him on a warrant noting charges filed in the state circuit court for Fountain County, Indiana. He was charged in two counts: (1) theft of property valued at more than $100,000, an Indiana Class B felony; and (2) corrupt business practices (RICO), an Indiana Class C felony.

Haws appeared on September 30 in the Fountain County circuit court accompanied by Mr. Bisbee, who was not licensed to practice law in Indiana. Bisbee did not enter an appearance as an attorney for Haws because

Rule 3 of the Indiana Rules on Admission and Discipline says:

> A member of the Bar of another state or territory of the United States, or District of Columbia, may appear, in the trial court's sole discretion, in Indiana trial courts in any particular proceeding for temporary period so long as said attorney appears with local Indiana counsel after petitioning the trial court for the courtesy and disclosing in said petition all pending causes in Indiana in which said attorney has been permitted to appear. Local counsel shall sign all briefs, papers and pleadings in such cause and shall be jointly responsible therefor.

The case was continued for arraignment to November 1, 1996. Haws engaged Indiana counsel, Nick Thiros, to serve as local counsel.

Thiros discussed the case with the Fountain County prosecutor, who told him that the Fountain County circuit court required that Indiana counsel serve as lead counsel, with *pro hac vice* counsel serving in an advisory capacity, and that if Thiros moved for Bisbee's admission the motion would be denied and Thiros would be required to represent Haws alone.

Based on this information, Thiros told Haws it would not be prudent for him to move for Bisbee's admission. Haws then filed a *pro se* motion for Bisbee's admission as lead counsel and for Thiros to appear on a limited basis. He also filed an amended motion; this one was prepared by Bisbee but signed by Haws. The motion was denied without a hearing and the arraignment was continued to November 25. Haws appeared on November 25, accompanied by Bisbee but otherwise unrepresented, and entered a not guilty plea.

On December 27 Haws petitioned the Indiana Supreme Court for mandamus or prohibition, claiming that the denial of his *pro se* motion for *pro hac vice* counsel (Bisbee) to represent him was a violation of his right to counsel and of his rights under the Privileges and Immunities and Equal Protection Clauses of the Constitution. On January 6, 1997, the Indiana Supreme Court denied the petition, saying that the trial judge

may have erred but that it was not necessary to address the issue now because an appeal from the criminal case would ultimately be available to correct any errors.

On January 15, 1997, Bisbee, on behalf of Haws, filed a detailed (18–page) "Notice of Removal Pursuant to 28 U.S.C. § 1443(1) and (2)." The case moved to federal court, but it was subsequently remanded back to state court by the federal district judge because the notice of removal was untimely. Meanwhile, Haws, with Bisbee at the controls, filed his § 1983 case against the justices of the Indiana Supreme Court, the Indiana circuit court judge assigned to his case, and the Fountain County prosecutor, seeking declaratory and injunctive relief. On June 5, 1997, the district court dismissed this complaint citing abstention, pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Attorney Bisbee has driven the bus on Haws' two appeals. He signed the main brief which was filed with us on August 5, 1997, and the reply brief that followed 6 weeks later. The briefs vigorously argued that the orders in each case should be reversed. Oral arguments on the appeals were scheduled to be heard on November 6, 1997.

A few days prior to the oral argument date, the appeals fizzled out when Haws fired Bisbee and we were asked to dismiss the proceedings. But not so fast, said the Hoosier State; the appeals were patently frivolous and should never have been filed. Although the State "in the interest of expediting resolution of this matter and avoiding further wasted resources" told us it would not continue its quest for sanctions (it asked for them in its main brief), we were reminded that we could impose them *sua sponte* if we thought they were appropriate. Because things were happening rather fast (a blitz of faxes were coming in), we kept the case on the November 6 calendar, and Mr. Bisbee and the attorney for the State were heard on the dismissal motion and the matter of sanctions.

■ The first question is whether the appeals should be dismissed. One would think they should be. In a letter to Mr. Bisbee, Haws wrote, "I . . . terminate the services of

John H. Bisbee as my attorney on all matters" and I "direct Mr. Bisbee to dismiss the appeal(s) now pending in the U.S. Court of Appeals for the Seventh Circuit. . . ." But Attorney Bisbee filed an odd response to the situation in motion papers we received on November 4. In his filing, Bisbee wrote that Haws' request to dismiss the case was motivated by "false representations, inducements and importunings" of Attorney James McCabe of Williamsport, Indiana. He wrote further that Haws "gains no perceivable benefit by dismissal of the above captioned appeals but could suffer possible legal detriment by such dismissal. . . ." Bisbee then went on to advance the rather strange notion that we should take judicial notice of Haws "as the representative of a class of non-Indiana resident criminal defendants in Indiana courts" and in that regard permit one of the suits "to continue on behalf of the class judicially so noticed and proceed to argument on November 6, 1997 and decision." Shades of the Twilight Zone.

The appeals, we believe, should be dismissed. The only appellant in each case wants to put an end to the litigation, and he should get his wish. The more interesting question is whether Attorney Bisbee should be sanctioned. We think a sanction is called for because these cases, from the get-go, had procedural obstacles that were insurmountable.

■ The underlying issue as to whether Haws was entitled to have Bisbee represent him could not properly be presented in these cases even though the general rule is that a court may not arbitrarily deny a defendant the right to retain counsel of his choice. *See United States v. Solina*, 733 F.2d 1208 (7th Cir.1984); *Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Does this right extend to the right to have counsel pro hac vice? The Supreme Court has decided that it does not offend the lawyer's constitutional rights not to be allowed to appeal. *See Leis v. Larry Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979). But it left open the issue of the defendant's rights.

The First, Third, and Tenth Circuits have concluded that denial of *pro hac vice* counsel implicates the Sixth Amendment, and a defendant's choice cannot be arbitrarily denied. *United States v. Panzardi Alvarez*, 816 F.2d 813 (1st Cir.1987); *Fuller v. Diesslin*, 868 F.2d 604 (3rd Cir.1989); *United States v. Collins*, 920 F.2d 619 (10th Cir.1990). *Panzardi Alvarez* was a federal trial and the issue was raised on direct appeal; the court concluded his rights had been violated because he did not have *pro hac vice* counsel of his choice. *United States v. Collins* was also a direct appeal of a federal prosecution in which the *pro hac vice* admission of an obnoxious tax-protestor attorney was revoked; the court upheld the revocation because it was not arbitrary and was done in the same manner as a revocation of a regular member of the Western District of Oklahoma. *Fuller* was a state prosecution and the issue was being considered on a habeas petition; the court found that the writ was properly issued because the denial of the right to counsel was violated.

But the cases illustrate that the problem Haws faced was procedural. He had not yet been convicted and he was not raising the issue on a direct appeal or in a habeas petition. The purpose of his ploys was to pull the federal court, prematurely, into Haws' dispute with the State of Indiana. Let's look at each case separately.

■ Haws challenges the remand of his state criminal action in the first case. Ordinarily, a decision to remand is reviewed *de novo*. However, to the extent that the decision was for a failure to show good cause for filing an untimely notice of removal, we review for an abuse of discretion.

Section 1446(c)(1) provides that a "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the [petitioner] leave to file the notice at a later time."

Haws was arraigned on November 25, 1996, and his notice of removal was filed 52 days later on January 15, 1997. Haws' only

real argument regarding good cause is that the November 25 arraignment should not be the triggering date because he was unrepresented at that time. Also, Haws says that he spent the time between November 25 and the filing of the removal petition attempting to secure relief from the Indiana Supreme Court. We cannot see any scenario here that would have caused us to conclude that the dismissal for untimeliness was an abuse of discretion. Also, Haws did not file an opposition to the State's motion to remand within 15 days as set out in the local rules; instead he filed a motion to require the state to address the merits of his petition.

■ In any case, whether the removal was timely or not, this was not a case which could be removed under § 1443. Section 1443(1) provides for removal of any state proceeding in which the defendant "is denied or cannot enforce ... a right under any law providing for the equal civil rights of citizens of the United States...." The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law. *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621, 99 S.Ct. 1905, 1917–18, 60 L.Ed.2d 508 (1979). Haws makes no allegations about race so the removal statute does not apply. Furthermore, although Haws would contend that Indiana's Rule 3 is the inherent bar to his enforcing his right to counsel, to equal protection, and to privileges and immunities, he could only raise the issue in a federal forum through a habeas petition when the time was right. Furthermore, there was no showing here that the Indiana courts were unable or unwilling to resolve his claim. The Supreme Court of Indiana, in fact, acknowledged that the trial judge may have been in error, but that the claim just wasn't ripe for review. On top of that, the Indiana trial judge did not have a chance to decide the issue of whether Rule 3 would allow Bisbee to represent Haws because Bisbee never personally petitioned to appear, as required under the rule, nor has he stated

that he would appear under the conditions outlined in the rule—that is, with local counsel jointly responsible for the case. So this was not a removal case.

■ The § 1983 case was dismissed because entertaining it would constitute federal interference with a pending state court prosecution, contrary to *Younger.* This conclusion was correct.

*Younger* holds that federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present. In a companion case, *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), the Court applied a similar result to actions for declaratory judgment because they would also interfere with state prosecutions.

*Younger* and *Samuels* have been extended to apply to various other situations beyond their literal boundaries. In *Simpson v. Rowan,* 73 F.3d 134 (7th Cir.1995), we followed the examples of other circuits in extending the doctrine to damage actions commenced after the state criminal trial had concluded; the appeal, however, was still pending and could be affected by a decision in the damage action. In *Barichello v. McDonald,* 98 F.3d 948 (7th Cir.1996), we said that *Younger* has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." At 954. What Haws asked the district court to do in this suit would clearly "interfere" with the state court prosecution.

The Ninth Circuit applied *Younger* abstention in a case similar to *Haws' case—Mann v. Jett,* 781 F.2d 1448 (9th Cir.1986). A defendant contended that his right to counsel was abridged because counsel was not appointed for almost two years due to the difficulties encountered in extraditing him from California to Arizona. The court held that Mann could litigate his claim of deprivation of counsel in the state criminal proceedings. Abstention was properly invoked.

■ The positions taken by Attorney Bisbee in these appeals had no reasonable basis in the law, nor did they make reasonable arguments for the modification or reversal of existing law. They were, particularly from a procedural standpoint, frivolous. And because the oral arguments we heard on November 6 were devoted to the issue of sanctions we will get right to the point; Attorney Bisbee should be sanctioned under Federal Rule of Appellate Procedure 38. As a sanction, double costs are assessed against Attorney Bisbee, and he is ordered to pay an additional sanction of $2,500 to represent attorneys fees to the State of Indiana.

The appeals are DISMISSED with costs and sanctions as noted.