NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0928n.06
Filed: November 23, 2005
No. 04-1283

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


| | | |
|---|---|---|
| IN RE: OSCAR RAMOS STILLEY | ) | |
| *Appellant-Petitioner* | ) | |
| | ) | On Appeal from the United |
| v. | ) | States District Court for the |
| | ) | Western District of Michigan |
| HONORABLE ROBERT HOLMES BELL, | ) | |
| CHIEF JUDGE, | ) | |
| RONALD C. WESTON, SR CLERK, | ) | |
| UNITED STATES DISTRICT COURT, | ) | |
| WESTERN DISTRICT OF MICHIGAN | ) | |
| *Respondents* | ) | |


Before: NELSON, Circuit Judge; BATCHELDER Circuit Judge; and O'MALLEY, District Judge.[*]


*O'MALLEY, J.* This appeal is from an order denying an attorney's petition for admission to

the bar of the United States District Court for the Western District of Michigan. Appellant, attorney

Oscar Stilley ("Stilley"), petitioned for pro hac vice admission to the district court's bar for the

purpose of representing Karen Ouwenga, a defendant in a criminal matter involving allegations of

federal income tax fraud. Stilley's petition for pro hac vice admission ("pro hac petition") initially

was denied by the Honorable Gordon J. Quist based on Stilley's past violations of the Arkansas

Rules of Professional Conduct. Pursuant to the applicable local rules, Stilley requested a hearing

before a three-judge panel to review the denial of his pro hac petition. Stilley's pro hac petition also

---

\* The Honorable Kathleen O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

was denied by the panel. He then filed this timely appeal, arguing that: (1) he was deprived of his right to have a three-judge panel review his pro hac petition because there is no evidence that two of the judges concurred with the opinion, (2) he was wrongly assigned the burden of proving his fitness to practice, (3) the district court's decision was erroneous on the merits, and (4) the district court improperly refused to accept certain documents that he submitted for filing.

For the reasons set forth below, we **AFFIRM** the district court's denial of Stilley's petition for admission to the bar of the Western District of Michigan.

I.     **BACKGROUND**

Stilley petitioned for pro hac vice admission, pending general admission, to the United States District Court for the Western District of Michigan, in order to represent Karen Ouwenga, who, according to Stilley, sought his representation in a matter involving allegations of federal income tax fraud. Assistant United States Attorney Donald A. Davis, the prosecutor in the Ouwenga case, did not concur in Stilley's pro hac petition, and directed a letter to the district court concerning Stilley's disciplinary record in Stilley's home state of Arkansas.

On November 5, 2003, the Honorable Gordon J. Quist denied Stilley's pro hac petition, finding that Stilley's "past actions are inconsistent with the standards of professional conduct this Court requires of attorneys practicing in this district." (Joint Appendix ("JA") 118.) Judge Quist relied on four separate Findings and Orders entered by the Arkansas Supreme Court Committee on Professional Conduct in 2001. These findings consisted of a Caution, two Reprimands, and a thirty (30) day Suspension that Stilley received as a result of approximately twenty (20) violations of the Arkansas Model Rules of Professional Conduct. Some of the most egregious violations cited by Judge Quist include "pursuing an appeal, contrary to a client's wishes, and continuing to pursue the

2

appeal after entry of an order terminating the representation," "failing to convey a settlement offer to a client," and "knowingly disobeying the rules of a tribunal." (JA 118-19.)

Pursuant to Rule 57.1(c)(ii) of the Western District of Michigan's Local Rules of Criminal Practice and Procedure, Stilley requested review of Judge Quist's decision by a three-judge panel. He received a hearing before a panel consisting of Chief District Judge Robert Holmes Bell, Bankruptcy Judge Jo Ann Stevenson, and Magistrate Judge Hugh Brenneman. Following that hearing, the panel also denied Stilley's pro hac petition in a written opinion signed by Judge Bell on January 28, 2004. The panel relied on the Arkansas disciplinary sanctions, a May 2002 order by the Arkansas Supreme Court striking a brief submitted by Stilley for "strident disrespectful language," and the panel's own concern "with what appears to be petitioner's lack of understanding and/or disregard of precedent." (JA 11-16.)

On February 10, 2004, almost two weeks after the panel's decision, Stilley filed a "Motion for Confirmation of the Votes of Panel Members Who Have Not Signed the Opinion of Judge Bell" and a "Motion to Add Certain Documents to Complete the Record," the latter of which was accompanied by documents Stilley wished to add to the record. According to Stilley, these motions were "unfiled" at the direction of Judge Bell.[1]

On February 23, 2004, Stilley filed a timely notice of appeal.

## II.     ANALYSIS

---

[1]     Stilley also filed a petition for a writ of mandamus to direct Judge Bell and the Clerk of Courts to file his motions. The mandamus petition was consolidated with this present appeal, and was subsequently denied on the ground that relief may be sought by direct appeal.

3

On appeal, Stilley argues that the district court[2] erred in denying him admission to the bar of the Western District of Michigan for four reasons: (1) he was deprived of his right to have a review by a three-judge panel because, according to Stilley, there is no evidence that two of the judges on the panel concurred with the written opinion, (2) he was wrongly assigned the burden of proving his fitness to practice, (3) the district court's decision was incorrect on the merits, and (4) the district court improperly refused to accept his two post-decision motions.

A federal district court has the "inherent authority" to deny an attorney's application for admission to practice before that court. *Application of Mosher*, 25 F.3d 397, 399-400 (6th Cir. 1994); *see also In re Snyder*, 472 U.S. 634, 643 n.6 (1985). Accordingly, the exercise of the authority to admit, deny, or suspend an attorney is left to the discretion of the district court. *In re Snyder*, 472 U.S. at 643 n.6; *Application of Mosher*, 25 F.3d at 400 (citing *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 530 (1824)). Therefore, this Court reviews a denial of an application for admission to practice before a district court for abuse of discretion. *Application of Mosher*, 25 F.3d at 400.

This Court previously has noted the competing interests at stake in a decision to admit an attorney to practice before a district court. *See id.* On the one hand are the attorney's interest in practicing his or her chosen profession, and the client's interest in being represented by the client's chosen attorney. *Id.*; *see also Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 530 (1824). These interests are more compelling when, as in Stilley's case, the client already has chosen a particular attorney to represent him or her in court. *Id.* On the other hand, "the public interest requires the court to consider whether the applicant attorney will promote the administration of justice," and whether the

---

[2] We will refer to the three-judge panel as the "district court" and the "panel" interchangeably.

4

applicant "possesses the professional and ethical competence expected of an officer of the court."

*Id.*

In addition, "[t]he perogative of a trial judge to exclude out-of-state counsel, like the right of a defendant to be represented by the counsel of his choice, is not an absolute right." *Ross v. Reda*, 510 F.2d 1172 , 1173 (6th Cir. 1975). With these interests in mind, we will now address Stilley's arguments that the district court abused its discretion when it denied his pro hac petition.

### A.      Three-Judge Panel

Stilley first argues that the denial of his petition was not actually reviewed and denied by a majority of the three-judge panel because only one judge signed the opinion. It is undisputed that Stilley had a right to a review of Judge Quist's original denial of his petition before a three-judge panel,[3] and it is undisputed that Stilley did in fact receive such a review. Stilley contends, however, that Judge Bell authored and signed the opinion alone, without the concurrence of Judge Stevenson and Magistrate Judge Brenneman. Therefore, Stilley argues, the decision was not reached by "the majority of the panel" as required by Local Civil Rule 83.1(m)(iii). Indeed, one of Stilley's post-judgment motions was for "written and signed confirmation" of the votes and opinions of the other two members of the panel. (JA 105.)

We find Stilley's argument to be without merit. Judge Bell, Judge Stevenson and Magistrate

---

[3]      Rule 57.1(c)(ii), Local Rules of Criminal Practice and Procedure, Western District of Michigan, provides that "[a]n applicant dissatisfied with the decision of the Chief Judge may within thirty (30) days file a petition before a three judge panel as described in LCivR 83.1(m)(iii)." Western District of Michigan Local Civil Rule 83.1(m)(iii) provides that the "Chief Judge shall assign such applications to a panel of three judicial officers consisting of at least one active district judge. The other members of the panel may include senior judges and magistrate judges . . . A decision of the majority of the three judge panel shall be final and binding."

Judge Brenneman were all present at the hearing to review Stilley's petition. (JA 21-104.) It is axiomatic that judges on a panel concur with the panel's opinion unless otherwise noted. Each judge need not separately sign the opinion to reflect his or her agreement, and each judge certainly is not required to provide petitioners with a "written and signed confirmation" of his or her concurrence. Absent affirmative proof that the other judges took no part in the opinion, none of which has been put forward by Stilley, we will not presume that the opinion was not unanimous. Therefore, we find that Stilley was not denied his right to a hearing before a three judge panel.

## B. Burden of Proof

Stilley also argues that the district court improperly assigned him the burden of proving his fitness to practice. The district court placed the burden on Stilley pursuant to Rule 57.1(m)(iii)(B) of the district court's local criminal rules,[4] which provides that "the attorney shall have the burden of demonstrating by clear and convincing evidence" five particular requirements of good behavior laid out in the rules (discussed below) that demonstrate fitness to practice.

Stilley argues that the district court abused its discretion by placing the burden on him. For this argument, he relies primarily on *Application of Mosher*, 25 F.3d 397, 400 (6th Cir. 1994), where the Sixth Circuit held that "only the strongest evidence of unfitness can justify a denial of admission, where, as here, a litigant's opponent, by objecting to the admission of the litigant's attorney, seeks to deprive the litigant of chosen counsel who previously has proven successful in similar cases." Stilley argues that *Mosher* applies to this case because the prosecutor in this case, according to Stilley, similarly seeks to deprive Stilley's client, Karen Ouwenga, of her chosen counsel, and therefore, only the "strongest evidence of unfitness" can justify a denial of admission. Stilley

---

[4] A parallel provision is found in the district court's local civil rules, Rule 83.1.

contends that the reasoning of *Mosher* is applicable because he has proven successful in similar cases in that he has considerable practice in defense of federal tax charges and related cases, including a defeat of a charge of felony conduct in a tax case. Because of *Mosher* and because of his legal record, Stilley contends that the burden is properly placed on the *challenger* of the applicant attorney to produce the "strongest evidence of unfitness."

We disagree with Stilley and find *Mosher* inapposite for several reasons. First, unlike Stilley, the applicant attorney in *Mosher* had not been disciplined in another jurisdiction. Accordingly, the burden of proof provided in Rule 57.1(m)(iii), which falls under the subheading "Discipline by Other Jurisdiction," did not apply to that attorney's petition.[5] Moreover, the attorney in that case, Mr. Mosher, had already successfully litigated the *same* types of cases (products liability) concerning the *same* subject matter (the prescription drug Halcion) against the *same* defendant (Upjohn). *Application of Mosher*, 25. F.3d at 398. The challenge to Mr. Mosher's admission, therefore, arguably involved ulterior motives.

We do not find that Stilley's case presents the same situation where a "litigant's opponent . . . seeks to deprive the litigant of chosen counsel who previously has proven successful in similar cases." *Id.* Stilley makes a brash and unsupported claim that there are ulterior motives in this case to deny his petition, alleging that Judge Bell and Assistant United States Attorney Donald Davis "travel to various places to speak concerning methods of 'dealing with' persons whose opinions of the proper interpretation of various tax laws fail to conform to the opinions of Davis and Bell." (Appellant's Br. at 16.) He further suggests that their conduct "gives rise to serious ethical

---

[5]     *Mosher* also arose from a petition for admission to the bar of the United States District Court for the Western District of Michigan, and, therefore, the same local rules would have applied. *Application of Mosher*, 25 F.3d at 398.

7

considerations," and that "[w]here the judge publicly announces his views on tax issues, and then presides over criminal prosecutions of persons with unconventional or unofficial views of one or more of the tax laws, the public perception is likely to be less than scrupulous impartiality in the judicial proceedings." (Appellant's Br. at 16.) Stilley provides no factual support for these spurious assertions however. There is simply no indication in the record that Stilley's petition was denied for any reason other than his extensive disciplinary record.

Because circumstances surrounding the applicant attorney in *Mosher* are significantly different than those presented here, we find that the holding of that case is not applicable. Therefore, the district court did not abuse its discretion in following its own local rules and placing the burden on Stilley to prove his fitness to practice law.

## C. Merits of the Decision

Rule 57.1(m)(iii)(B) of the district court's local criminal rules provides that "the attorney shall have the burden of demonstrating by clear and convincing evidence that:

    (1)    the attorney has complied with the orders of discipline of this court and all other disciplinary authorities;

    (2)    the attorney has not practiced in this court during a period of disbarment or suspension and has not practiced law contrary to any other order of discipline;

    (3)    the attorney has not engaged in any other professional misconduct since disbarment or suspension;

    (4)    the attorney has the moral qualifications, competency and learning in the law required for admission to practice law before this Court; and

    (5)    the attorney's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

8

## 1.     *Findings of the District Court*

The district court held that Stilley failed to meet his burden of demonstrating the fifth requirement, that, despite his long list of professional rule violations, his practice of law in that district would not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

The district court based its conclusion on several factors. The district court concluded that Stilley had failed to show that his admission would not be damaging to the integrity and standing of the bar, based on his apparently unprecedented number of violations of the Model Rules of Professional Conduct,[6] which culminated in a Caution, two Reprimands, and a thirty (30) day Suspension. Admission of an applicant who has failed to conform to the standards of professional conduct, the district court reasoned, would set a bad example for the present members of the bar. Further, the district court found that Stilley had not shown that his admission would not be detrimental to the administration of justice, noting that many of his previous violations might present grounds for a claim of ineffective assistance of counsel if repeated in the criminal matter for which he seeks admission.[7]

In addition, the distrct court noted that, since Stilley's suspension in 2001, the Arkansas Supreme Court has stricken from the record a 70-page brief submitted by Stilley for the "strident, disrespectful language used in his pleadings, motions, and arguments, and his repeated refusal to

---

[6]    The district court remarked that, "[f]rankly, the members of the panel cannot recall any other applicant to the bar of this court having had anything approaching twenty rule violations." (JA 13.)

[7]    The district court cited Stilley's past violations for failure to file a record in a timely manner, filing a frivolous appeal, acting as an advocate despite a conflict of interest, and not keeping his client informed of the status of litigation.

9

recognize and adhere to precedent." (JA 15.) The Arkansas Supreme Court noted that "Stilley's brief is an inexcusable breach of obligation of professional conduct that this court expects of the members of the bar," and that "Stilley's intemperate and distasteful language spread throughout all of his brief." (JA 15.) Finally, the district court noted its concern "with what appears to be petitioner's lack of understanding and/or disregard of precedent." Overall, the district court concluded that "Stilley has not demonstrated over an adequate period of time that these problems are truly a thing of the past rather than part of a continuing pattern of behavior." (JA 17.)

All of these findings find full support in the record before the district court.

### 2. *Stilley's Arguments*

Stilley argues that the district court abused its discretion in denying his pro hac petition because many of his ethical violations were "unfair" or "petty," the court failed to properly consider that other jurisdictions have received Stilley favorably since his suspension, and because a criminal litigant was denied her chosen counsel through the court's action.[8] We conclude that none of these arguments compel a finding that the district court abused its discretion, and, therefore, do not warrant reversal of the district court's order.

First, Stilley's arguments that many of his violations are "unfair" or "petty" are not appropriately raised in this forum. As the district court noted, "[p]etitioner agreed that it is not the function of this panel to re-evaluate the merits of the disciplinary actions taken against him in his

---

[8] Stilley also argues that the district court erroneously accused him of pursuing further "litigation" regarding a specific matter in violation of a court order. In fact, Stilley argues, he has only made a report of suspected perjury to the Arkansas Supreme Court Committee on Professional Conduct, which is not "litigation." While Stilley appears to be splitting hairs on this point (always a concern when discussing matters of ethics), because this finding is peripheral to the district court's opinion, we will not address it.

home jurisdiction." (JA 12.) Further, Stilley did not appeal the findings of the Arkansas authorities. Therefore, we believe that those matters should not be re-litigated here, and we will not consider arguments regarding the merits of prior disciplinary findings of the Arkansas Supreme Court Committee on Professional Conduct.

Second, Stilley argues that the district court erred in failing to consider that other jurisdictions have admitted him to practice since the occurrence of his recent disciplinary troubles, and that one federal judge, at Stilley's request, has written him a letter of recommendation. Specifically, Stilley argues that the district court failed to mention a January 2004 letter from the Honorable Claire Eagan, United States District Court for the Northern District of Oklahoma. Judge Eagan's letter is not a letter of recommendation to the Western District of Michigan, however; it is a general letter indicating that *if* anyone should ask for a letter of recommendation, Judge Eagan would write that Stilley conducted himself "ably, professionally, and within the applicable rules and rulings of the court." (JA 113.) The letter *was* discussed at Stilley's hearing before the three-judge panel, moreover, with copies provided to each judge. (JA 23-24.) It is not true that the letter was not considered; it simply was not persuasive to the panel. In addition to the letter, Stilley also explained in his brief to this Court and before the district court panel that, since 2001, he has been admitted to practice before the Central District of Illinois, the Seventh Circuit Court of Appeals, and the Tenth Circuit Court of Appeals.

Although the letter from Judge Eagan demonstrates Stilley's good behavior in another federal district court, and although other courts have admitted Stilley to practice in their jurisdictions, those facts do not compel the conclusion that the Western District of Michigan abused its discretion in not allowing Stilley to practice there. As the United States Supreme Court noted,

11

"[f]ederal courts admit and suspend attorneys as an exercise of their inherent power." *In re Snyder*, 472 U.S. 634, 643 n.6 (1985). Each district court possesses discretion to exercise that inherent authority, and one court's decision to admit an applicant does not diminish another court's discretion to refuse to do so.

Rule 83 of the Federal Rule of Civil Procedure provides that "[e]ach district court . . . may . . . make and amend local rules governing its practice." Fed. R. Civ. P. 83. Pursuant to Rule 83, the Western District of Michigan has adopted local rules of practice, and its bar admission requirements may be different from the other jurisdictions cited by Stilley. For example, Rule 57.1(c)(iii) of the Western District of Michigan's local criminal rules provides that "[t]his court disfavors pro hac vice admission and prefers that all lawyers appearing before it become full members of the bar of the Court. Pro hac vice admission may nevertheless be allowed on a temporary basis pending full admission, or in unusual circumstances."[9] Stilley admitted in his hearing that one jurisdiction in which he had represented a client did not require attorneys to be admitted to represent criminal defendants. (JA 26-27.) In response, Judge Brenneman properly asked, "How does that pertain to what you are doing here today? We do have a rule that you have to be admitted." Put simply, the evidence of Stilley's admission to practice in other jurisdictions does not necessarily compel the Western District of Michigan to admit him. Therefore, the district court in this case did not abuse its discretion in denying Stilley's petition, whether or not he has practiced in other jurisdictions since his 2001 disciplinary violations.

Finally, Stilley indirectly raises a Sixth Amendment concern that, although not specifically

---

[9]     In this case, Stilley sought admission pro hac vice pending an application for full admission.

framed as such in his brief, was addressed by the district court and warrants some discussion here. In the context of the burden placed on Stilley to demonstrate his fitness, he argues that *Mosher* applies because his client is being deprived of her choice of counsel. Stilley argues that the district court opinion "cobbles together" language from several circuit court opinions "to create the appearance that a trial court may override a client's choice of counsel for virtually any reason, on grounds that the choice might 'interfere with the orderly administration of justice.'" (Appellant's Br. at 15). While we disagree with Stilley's characterization of that portion of the district court's opinion, his point that his client's right to choice of counsel impacts the district court's decision is worthy of discussion.[10]

The Sixth Amendment, in relevant part, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." Although this right "implies a degree of freedom to be represented by counsel of defendant's choice, this guarantee does not grant the unconditional right to representation . . . by a particular out-of-state attorney." *Ross v. Reda*, 510 F.2d 1172, 1173 (6th Cir. 1975). The Fifth Circuit has recognized a balance between a court's discretion to determine who shall practice before it, and the Sixth Amendment's requirement that a court must respect a defendant's choice of counsel. *See United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976). The Fifth Circuit concluded that "the Sixth Amendment's right to choice of counsel merely informs judicial discretion, it does not displace it." *Id.* We find

---

[10]     We do not read this argument as an assertion by Stilley of his client's Sixth Amendment rights, for which he certainly would lack standing. This argument, to the extent it is raised, is relevant to the merits of the decision by the district court to deny *Stilley's* petition to practice before the court, i.e., that his petition is more compelling by virtue of the fact that a criminal defendant has chosen him to represent her before the court.

13

the Fifth Circuit's assessment sound.

In this case, the district court gave thorough consideration to implications of Stilley's client's Sixth Amendment rights. The district court concluded that "a criminal defendant's preference for a particular attorney does not mandate this court to disregard its reasonable bar admission requirements." (JA 17.) We believe that this conclusion is in accord with relevant case law. *See Ross v. Reda*, 510 F.2d 1172, 1173 (6th Cir. 1975) (holding that a defendant's Sixth Amendment rights were not violated when a state court denied a pro hac vice application because the attorney affirmatively refused to limit his out of court statements, in violation of the Code of Professional Responsibility); *see also United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976) (finding that the Sixth Amendment right to choice of counsel must be limited because to hold otherwise would "necessarily condemn, for example, even local bar admission requirements"). Given Stilley's extensive list of disciplinary violations, and considering the district court's reasonable concern that such violations potentially could lead to a claim for ineffective assistance of counsel, we think the district court acted within the scope of its discretion in denying Stilley's pro hac petition despite the Sixth Amendment issues involved.

### D.     Refusing to Accept Post-Order Filings

Stilley's final argument is that the district court erred in "unfiling" the motions and documents he filed on February 10, 2004, two weeks after the panel denied his petition for admission. On that date, Stilley filed a "Motion for Confirmation of the Votes of Panel Members Who Have Not Signed the Opinion of Judge Bell" and a "Motion to Add Certain Documents to Complete the Record," the latter of which was accompanied by documents Stilley wished to add to the record. The district court took no action with regard to these filings, and, according to Stilley,

14

"unfiled" them. We find that the district court did not err in refusing to respond to these motions.

First, because the filings came two weeks after the panel issued its decision, there was no active matter pending before the district court. In addition, the documents Stilley filed to supplement the record could have been no use to the district court because its decision had already been made. The issues raised in those motions should have been raised in this appeal. In fact, they eventually were raised in this appeal. In any event, Stilley was not prejudiced by the "unfiling" because this Court allowed him to supplement the record here with the very documents he attempted to file with the district court. We find, therefore, that the district court did not abuse its discretion in refusing to accept the post-order filings.

## III.   CONCLUSION

For the reasons just stated, the district court's denial of Stilley's petition for admission to the bar of the United States District Court for the Western District of Michigan is **AFFIRMED**.